No. 10,942.

NATIONAL OPTICAL CO. *v.* UNITED STATES FIDELITY AND
GUARANTY CO.

Decided April 6, 1925.

Action on insurance policy. Judgment for defendant.

*Affirmed.*

1.  INSURANCE—*Policy—Construction.* While a contract of insurance
    should be most strictly construed against the party who drew
    and presented it for signature, that does not mean that every
    case of doubt must be resolved against him. The words used
    must be given their ordinary and obvious meaning in the light
    of the surrounding facts.

2.  WORDS AND PHRASES—*"Adjacent".* In ordinary acceptation the
    word adjacent means very near, close by, and it usually con-
    notes contact.

3.  CONTRACTS—*Construction.* The exception of a part of a class in
    a contract does not necessarily imply an inclusion of the re-
    mainder of such class, and ought not to imply it against the
    obvious scope of the main category.

4.  EVIDENCE—*Judicial Notice.* Courts take judicial notice of matters
    of common knowledge in the community where they sit, such as
    the relative position of well known city streets and corners.

5.  PLEADING—*Demurrer—Admissions.* The statement in a complaint
    of something judicially known to the court, being a matter of
    law, cannot be the subject of an issue of fact, and where the
    statement is erroneous, it is not admitted by demurrer.

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Mr. WARWICK M. DOWNING, Mr. RICHARD E. DOWNING,
for plaintiff in error.

Messrs. GILLETTE & CLARK, Mr. LEROY L. WILLIAMS, for
defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A GENERAL demurrer of the defendant to the complaint of the plaintiff was sustained and judgment entered thereon, and the plaintiff comes here as plaintiff in error.

The complaint shows that the defendant insured the plaintiff against claims for accidental injuries to persons other than its employees, suffered "while within or upon the premises stated in the Schedule, or upon the sidewalks, ways or premises adjacent thereto, *except that accidents caused by drivers, chauffeurs and their helpers are excluded when occurring away from the premises as described in the schedule";* that the premises described in the schedule were "1516-1522 Glenarm Place, Denver;" that while the policy was in force a boy, while riding a bicycle on the business of plaintiff, ran into a woman at the corner of 17th and Champa streets in Denver, in consequence of which plaintiff had to pay her about $2,000; that said corner is adjacent to said premises.

The question is whether this loss is within the terms of the policy. The defendant says "no," because Seventeenth and Champa is five or six blocks from 1522 Glenarm and so not adjacent. In answer to this plaintiff says: (1) That the word adjacent means near but not contiguous or adjoining; that how near must depend upon the circumstances, time, place and purpose of its use, and that such factors, shown in the complaint, require the extension of its meaning at least to the business streets of Denver. (2) That the exception of accidents caused by drivers, etc., "away from the premises," as shown above in italics, necessarily implies the inclusion of all other accidents, which happen "away from the premises." (3) That the complaint states that the place of the accident was adjacent to the premises, and so that stands admitted.

The meaning of "adjacent" in the policy before us is not seriously in doubt. It is obvious. It is true that a con-

tract of this sort, it is said, should be construed most strongly against the party that drew and presented it for signature, but that does not mean that every case of doubt must be resolved against him. To take the ordinary and obvious meaning of words and construe them in the light of surrounding facts is the fundamental rule of construction. When that fails other so-called rules, which might better be called expedients, may be resorted to. In the present case the meaning is not hard to find. In ordinary acceptation the word adjacent means very near, close by, and it usually connotes contact. Derivatively it means lying at—present. It is well said that this word has no fixed meaning, and that its intent must be found in the context (1 C. J. 1196), and the use of the words "sidewalks and premises," especially the latter, supports defendant's interpretation. Without doubt one reading of premises in a city, and sidewalks, ways and premises adjacent thereto, would not think of sidewalks half a mile away nor of all the premises within a radius of half a mile, yet ways are within the same class in the sentence as sidewalks and premises.

Plaintiff's second point is but an argument in favor of his first. We do not agree with his conclusion. The exception of accidents caused by drivers, etc., "away from" the scheduled premises has a reasonable purpose and is not superfluous even if we adopt plaintiff's construction, because it may mean to except accidents caused by drivers, etc., upon the adjacent sidewalks, *ways* or premises, with the idea that what was on them was away from the premises themselves: if, however, it means farther away than that, it may have been put in out of caution. The exception of part of a class not included does not necessarily imply the inclusion of the remainder of such class, and ought not to imply it against the obvious scope of the main category. *Wilkins v. Abell*, 26 Colo. 462, 466, 58 Pac. 612; *Employer's Liability Co. v. Morrow*, 143 Fed. 750, 74 C. C. A. 640.

As to plaintiff's third proposition: The court takes ju-

dicial notice of matters of common knowledge in the community where it sits; therefore the relative positions of the corner of Seventeenth and Champa streets and 1522 Glenarm Place, both in an old and well known part of the city are known to the court. After plaintiff, then, had alleged the place of the accident his statement that it was adjacent was concerning a matter judicially known to the court, and so a matter of law, which could not be the subject of an issue of fact, and therefore was not admitted by the demurrer; and, since the meaning of the words of a written contract is for the court, it was the duty of the court upon the demurrer to determine the meaning of the word "adjacent," and whether Seventeenth and Champa was adjacent to 1522 Glenarm, according to that meaning.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.