## No. 12,888.

PEOPLE EX REL. TAYLOR ET AL. *v.* KOERNER ET AL.

(18 P. [2d] 327)

Decided December 27, 1932.

Messrs. COEN & SAUTER, for plaintiffs in error.

Messrs. MUNSON & BECK, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS is a proceeding brought by the people, on the relation of Taylor and others, seeking to have declared invalid the attempted incorporation of the town of Paoli. The proceeding was brought against the town, those acting as its officers, and the treasurer of Phillips county.

The question for determination is whether twenty-one of the signers of the petition for incorporation were *bona fide* "land owners of the territory to be embraced in the proposed * * * incorporated town," within the meaning of section 8979, Compiled Laws. If they were, the judgment should be affirmed; if they were not, the judgment should be reversed. Counsel for the plaintiff contend, first, that the twenty-one persons were not landowners; and, second, that, assuming that they were landowners, they were not *bona fide* landowners.

The trial court found—and its findings are supported by the evidence—that each of the twenty-one persons purchased from Lohn certain real property situated within the proposed corporate limits of the town of Paoli; that on or about June 5, 1930, Lohn executed and de-

livered his warranty deed to each of them, conveying certain property within those limits; that the deeds were recorded; that the consideration for each lot purchased was $25; that $2.50 was paid in cash, and for the balance the purchaser gave his promissory note payable to the order of Lohn; that a warranty deed was executed by the purchaser, reconveying the property to Lohn; that the note, the warranty deed and a contract were placed in escrow in a bank; that the contract provided that the note and the warranty deed should be held by the bank until the maturity of the note, and if the maker of the note did not pay the same at maturity, the warranty deed should be delivered to Lohn and the note returned to the maker; that the contract further provided that if the note was paid at maturity, the deed placed in escrow should be cancelled; that the notes in most instances were payable in sixty days; that after the purchase was made in this manner, and before the notes had matured, the parties whose qualifications are questioned, together with others, signed the petition for incorporation, and the town was incorporated; that in most cases the notes were paid by the makers when they became due, and the warranty deeds placed in escrow were cancelled. The record shows that at the time of the commencement of the suit there were only five of the signers of the petition who had not paid their notes, and that in their cases some new arrangement had been made respecting the payments. One of them testified that it was her desire to build on the lot; another, that it was his intention to pay the note given by his wife and the one given by himself.

█ 1. Were they landowners?

The deeds from Lohn were delivered to the purchasers and were recorded. They were warranty deeds, and purported to convey the absolute title in fee-simple. There were no reservations or qualifications in the deeds. Counsel for the plaintiff contend that the transaction constituted a mere option and that the Lohn deed did not pass title. We do not agree with this contention.

Taking all the instruments together, the transaction is analogous to a conveyance upon condition subsequent; namely, upon condition that if the note was not paid at maturity, the title should revert to Lohn. A conveyance upon condition subsequent vests in the grantee a qualified fee, and, until the happening of the event that is to determine the estate granted, the grantor is divested of all right and interest in, and all title to, the land. *Denver & Santa Fe Ry. Co. v. School District,* 14 Colo. 327, 23 Pac. 978. Until the happening of the condition subsequent, the grantee has the same right in, and privileges over, his estate as though the estate were an estate in fee-simple. Id. p. 332.

 Applying to the case at bar the rule concerning conveyances upon condition subsequent, each of the deeds given by Lohn divested him of his title and vested it in the grantee, subject to being revested in Lohn in the event of the failure of the grantee to pay his note at maturity. At the time the petition was being signed there had been no such default; therefore at that time the grantee had the same rights in and privileges over his estate as though it were an estate in fee-simple. We conclude that the grantees in the Lohn deeds were landowners at the time they signed the petition.

 2. Were they *bona fide* landowners?

To entitle one to sign a petition for incorporating a town, under section 8979, Compiled Laws, he must be a *bona fide* landowner—a landowner in good faith. See *People ex rel. Saunier v. Stratton,* 33 Colo. 464, 81 Pac. 245. Counsel for the plaintiff contend that the transaction was a mere pretense—a fraudulent scheme "for the purpose of circumventing and defeating the terms of the statute." The trial court found that such was not the case. Counsel say that the court should not have considered evidence concerning the conduct of the parties after they signed the petition, and therefore should not have considered the evidence that at the time of the trial all but five signers had paid their notes, and that the

five had made some new arrangement respecting the payment of their notes. We are of the opinion that it was proper to consider that evidence. It shed some light upon the transaction and the good or bad faith of the parties when they entered into the arrangement. If the transaction was a mere subterfuge; if the parties entered into a scheme to make it appear that the grantees were landowners, when in fact they had no intention of buying the property, but, on the contrary, had an understanding to the effect that after signing the petition they would make default in the payment of their notes so as to revest title in Lohn, the trial court would have been justified in finding that they were not landowners in good faith and, therefore, were not qualified to sign the petition. In the Stratton case, supra, we noted, as indicating bad faith in an alleged change of residence, the fact that some of the petitioners who moved into the territory of the proposed town about the time the petition was being circulated removed therefrom after the election. So, where evidence concerning the petitioners' conduct after signing the petition has a tendency to show good faith at the time of signing, such evidence may properly be considered and given the weight to which, under all the evidence, it may be entitled.

Considering the entire record, we cannot say that the trial court was not justified in finding that the signers of the petition were *bona fide* landowners.

As we find no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.