## No. 14,443.

### UNION COLONY COMPANY OF COLORADO ET AL. *v.* GALLIE.
(88 P. [2d] 120)

Decided March 6, 1939.

Mr. E. H. Houtchens, Mr. Barnard Houtchens, for plaintiffs in error.

Mr. E. T. Snyder, Mr. Clay R. Apple, for defendant in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

Defendant in error, herein designated as plaintiff, instituted an action against the plaintiffs in error, herein mentioned as defendants, under the Uniform Declaratory Judgments Act, sections 78 to 93, chapter 93 '35 C. S. A., seeking to have a condition subsequent in a deed through which she deraigned title to certain real estate in the city of Greeley declared void and of no effect. Defend-

ants, Union Colony Company of Colorado, a corporation, and Delph E. Carpenter, demurred to the complaint on the ground that it did not set forth sufficient facts to constitute a cause of action against the defendants. The demurrer was overruled. Defendants elected to stand on their demurrer, and judgment·was entered as prayed in the complaint declaring the limitation now void.

In her complaint plaintiff alleged that the Union Colony Company of Colorado, herein designated as the old company, was a corporation organized under the territorial laws of Colorado; that its corporate life expired January 1, 1929; that the defendant company, the Union Colony Company of Colorado, herein designated as the new company, is a nonprofit corporation organized and existing under and by virtue of the laws of the state of Colorado and that it received its charter on March 13, 1934. It is further alleged that plaintiff deraigned her title to certain property therein described by mesne conveyance from the old company; that in the conveyance by the old company under which she claims title, consideration for the conveyance is recited as ''two hundred seventy-seven and 50/100 Dollars;'' ''and, also, the further consideration, that it is expressly agreed between the parties hereto, that intoxicating liquors shall never be manufactured, sold or given away in any place of public resort as a beverage, on said premises; and that in case any one of these conditions shall be broken or violated, this conveyance and everything herein contained shall be null and void.''

It further appears from the complaint that the new company was organized for the purpose of taking over all the property and assets of the old company. It is set forth specifically in the articles of incorporation attached as an exhibit to the complaint that one of the objects of the new company is:

''5. To acquire, own, and succeed to any and every property right, estate or interest of any kind, nature or description, retained by, or reserved to said former cor-

poration, in any deed, contract or conveyance, made by it, in regard to the use of any lots or lands sold or conveyed by it, or by which the right to the continued use thereof was given, or the title thereto was made, subject to forfeiture or annulment by the breach of any of the covenants, conditions, or agreements therein contained; also the right to maintain and enforce all covenants, agreements, or provisions, in any deed or contract, made by said former corporation, restricting or limiting the use of the property therein contained; also to enforce by a proper suit or proceeding any and all conditions, limitations, restrictions, covenants, or provisions of forfeiture or annulment, contained in any deed or contract, for sale of lots or lands made by said former corporation; also to maintain proper suits and proceedings to enforce all the provisions of said deeds and contracts, including the cancellation thereof, and the recovery of the title and possession of any lot or tract of land, in case of breach of any of the provisions of said deeds or contracts; to enforce, carry out and perpetuate the general plan under which all lots and lands were sold or conveyed by said former corporation, and particularly to enforce the conditions, restrictions, covenants and agreements therein contained, concerning the use of the property thereby conveyed, to the end that all such conditions, agreements, restrictions, limitations, and provisions for annulment in any deed contained, or affecting the title to any lots or lands, shall be strictly observed and performed by the successive owners thereof, forever, and in case of breach thereof to recover the title and possession thereof, to the end that all said covenants, agreements, conditions and limitations, in such deeds and contracts contained, that intoxicating liquors shall never be manufactured, sold or given away, in any place of public resort, as a beverage upon said premises, shall be strictly enforced and forever observed, and in case of any violation thereof whereby said deed according to its terms, became null and void or subject to forfeiture, to

recover both the title and the possession of any such lots or land, and all to the end that the original plan under which all lots and lands owned by said former corporation were sold and conveyed, shall be forever preserved and maintained for the use and benefit of other owners of lots and lands whose deeds contain similar conditions, limitations and restrictions, and the cause of temperance and sobriety be forever preserved and maintained as contemplated by the provisions of the general plan under which the same was sold by said former corporation.''

It also appears in the complaint that immediately following the organization of the new company the two surviving members of the last board of trustees of the old company by deed dated March 20, 1934, conveyed to the new company all of the assets of the old company held by them by virtue of the trust imposed on them by section 62, chapter 41, '35 C. S. A., which provides inter alia that upon expiration of the charter of any corporation the last board of directors or trustees of the corporation or the survivors thereof shall be the trustees for the creditors and stockholders with full power to settle the affairs of the same. This deed specifically conveyed: ''All interests by it reserved, owned or held, in any and all real property, conveyed by said former corporation, prior to the expiration of its life, including all the property right, interest, reservation, right of forfeiture and annulment, contained in all deeds and contracts of conveyance of lots and lands by said former corporation, including the title reserved, and to revert to it, in case of the breach of any condition of any of the covenants, stipulations, or agreements, or conditions contained in any deed or contract, whereby the grantee therein or assigns acquired title to any lot or land conveyed, including the right to declare a forfeiture of the title by reason of breach of the covenants or agreements in said deeds contained, it being the intention hereof to convey to and vest in second party every property right, title,

interest, reversion, conditional estate, or contingent interest, or right of reversion of title to said former corporation contained in its said deeds and contracts, including the right to declare forfeitures for breach thereof, and to declare said deeds null and void on account of any breach of said conditions, and to enforce all the terms and provisions in said deeds and contracts contained, reference to which is hereby made for a fuller statement of the conditions and agreements therein contained.''

In the complaint it is further alleged: ''That the said condition contained in said Union Colony deed [exhibit ''A''], is no longer valid and enforceable through forfeiture in event of violation, but is a cloud upon plaintiff's title; is hindering plaintiff in obtaining a loan and is detrimental to the full enjoyment of plaintiff's lawful rights in and use of said property. That said claim and condition is now void and unenforceable. That defendants claim that said condition is now valid, subsisting and enforceable by re-entry of defendant corporation upon breach and violation of said condition.''

Plaintiff asks the court to declare the rights of plaintiff and defendants and to adjudge the condition subsequent contained in the deed from the old company, through which plaintiff deraigns title, invalid and void and that defendants, the presently sole surviving trustee of the old company and the new company, have no right of re-entry in event of the breach of said condition; and that neither they nor either of them have any right to forfeit plaintiff's title by virtue of the organization of the new company and the aforesaid conveyance made to it by the surviving trustees or by any other means.

The demurrer admitted the facts which have been herein set forth as contained in plaintiff's complaint. Upon the election of the defendants to stand on their demurrer, the court entered its decree as follows: ''(1) That the right to re-enter and forfeit titles in event of breach of

condition subsequent contained in the deeds of the Union Colony of Colorado, to wit:

" '* * * and, also, the further consideration, that it is expressly agreed between the parties hereto, that intoxicating liquors shall never be manufactured, sold or given away in any place of public resort as a beverage, on said premises; and that in case any one of these conditions shall be broken or violated, this conveyance and everything herein contained shall be null and void; * * *' is now extinguished, invalid and void.

"(2) That defendants have no right of re-entry and no right to forfeit plaintiff's title in event of breach of said condition.

"(3) That the title of plaintiff, and all others similarly situated, as to property deraigned from the Union Colony of Colorado, is quieted against any claim of defendants, and all persons claiming by, through or under them, to re-enter and forfeit title upon breach of said above quoted condition."

The question was raised below as to whether plaintiff had chosen the proper remedy in seeking a declaratory judgment, and the trial court ruled that she had. On this ruling defendants assign no error and specifically state in their brief that they concede the appropriateness of the procedure.

The defendants assign as error: (1) The overruling of the demurrer. (2) The entry of judgment (a) that the right of forfeiture and re-entry in the event of the breach of the condition died with the old company; (b) that the right of re-entry for condition broken could not be sold, assigned or conveyed and that the attempted assignment thereof by the surviving trustees operated to extinguish any right of re-entry or forfeiture in existence at the time of the attempted assignment or conveyance; (c) that the title of plaintiff and all others similarly situated as to property deraigned from the old company be quieted against any claim of defendants and all per-

sons claiming by, through or under them to re-enter and forfeit title upon breach of said condition.

■ The condition in the deed from the old company through which plaintiff deraigns her title is a condition subsequent and upon breach it is conceded would have entitled the old company during its corporate existence to declare a forfeiture and to re-enter upon the property conveyed. 1 Cooley's Blackstone, Bk. II, c. 10, p. 153; *Brown v. State,* 5 Colo. 496 at 503; *Cowell v. Colorado Springs,* 3 Colo. 82; *Cowell v. Colorado Springs,* 100 U. S. 55, 25 L. Ed. 547.

■ We have held that "conditions subsequent are not favored by the law, and are construed strictly, because they tend to destroy estates." *Godding v. Hall,* 56 Colo. 579, 600, 140 Pac. 165. At common law, which was adopted by Colorado (section 1, chapter 159 '35 C. S. A.), and which, in the absence of a statute otherwise providing, is in force, the right of re-entry for condition broken, sometimes described as a possibility of reverter, could not be assigned. 1 Tiffany, Real Property (2d ed.) §86 (b); Restatement of Law of Property, §160.

■ The condition subsequent reserved by the old company creating a possibility of re-entry upon breach, called in the Restatement of the Law of Property, supra, a power of termination, does not constitute an estate in the grantor. It is merely a possibility of the grantor coming into an estate in the future. "In all these instances, of limitations or conditions subsequent, it is to be observed, that so long as the condition, either express or implied, either in deed or in law, remains unbroken, the grantee may have an estate of freehold, provided the estate upon which such condition is annexed be in itself of a freehold nature." 1 Cooley's Blackstone, Bk. II, c. 10, p. 153.

■ "A conveyance upon condition subsequent vests in the grantee a qualified fee, and, until the happening of the event that is to determine the estate granted, the grantor is divested of all right and interest in, and all

title to, the land. *Denver & Santa Fe Ry. Co. v. School District*, 14 Colo. 327, 23 Pac. 978. Until the happening of the condition subsequent, the grantee has the same right in, and privileges over, his estate as though the estate were an estate in fee-simple." *People ex rel. v. Koerner*, 92 Colo. 83, 86, 18 P. (2d) 327.

■ "The possibility of a reverter, after the termination of a fee conditional, being a mere possibility, is not an estate, and may be defeated by statutory enactment. It is not an estate in land, and until the contingency of the condition happens the whole title is in the grantee, and the grantor has nothing he can convey. It is neither a present nor a future right, but a mere possibility that a right may arise upon the happening of a contingency, which is not the subject of a grant, devise or inheritance." 3 Thompson Real Property, §2112. "Possibility of reverter denotes no estate, but, as the name implies, only the possibility to have an estate at a future time." Challis on Real Property, 63; *North v. Graham*, 235 Ill. 178, 85 N. E. 267, 18 L. R. A. (N. S.) 624, 627. It is clear from the foregoing authorities that notwithstanding the condition in the deed from the old company, it conveyed the entire interest in the property; hence it had no present property right, and no certainty of ever having such right in the future. It had merely a power that it might exercise if certain conditions arose with no certainty of their ever eventuating.

■ In *Schulenberg v. Harriman*, 21 Wall. (U. S.) 44, 22 L. Ed. 551, the court said: "It is settled law that no one can take advantage of the non-performance of a condition subsequent annexed to an estate in fee, but the grantor or his heirs, *or the successors of the grantor* if the grant proceed from an artificial person; and if they do not see fit to assert their right to enforce a forfeiture on that ground, the title remains unimpaired in the grantee. The authorities on this point, with hardly an exception, are all one way from the Year Books down." (Italics ours.)    We need not, and do not, determine

whether the surviving members of the board of trustees of the old company were, in the legal sense of the word, its successors.

The question of whether they, as trustees for the stockholders and creditors of the old company, might have declared a forfeiture and re-entered is not here involved and cannot be involved in any future litigation, for if they had that right they have conveyed it and by such conveyance, there being no statutory provision authorizing an assignment or transfer of it, they have destroyed the power in themselves if it ever existed. If they were not successors of the old company in the legal sense, then they never had such power and the new company could not acquire it by the attempted conveyance of that which the grantors did not possess. Whichever horn of the dilemma is chosen necessitates the holding (of the trial court) that neither the new company defendant nor the sole surviving defendant trustee can now declare a forfeiture for breach and re-enter upon the plaintiff's property.

Since the action was instituted by plaintiff for herself and all others similarly situated without objection on the part of the defendants, and since our holding that the condition in the deed is no longer enforceable against plaintiff, it is apparent that a similar holding would be required in any case where title is deraigned from the same source, and held under the same condition; consequently there was no error in the court determining, which it did in effect by quieting the title of all such persons, that the status of the surviving trustee and the new company with respect to the condition is such that it can no longer be enforced at all.

Judgment affirmed.