JELEN AND SON, INC.,
Plaintiff–Appellant,

v.

KAISER STEEL CORPORATION, a Delaware corporation; Groves/Calder Joint Venture, a Colorado general partnership; S.J. Groves & Sons Company, a Minnesota corporation; Calder & Company, a Colorado limited partnership, formerly a Colorado general partnership; Western States Mineral Corporation, a Utah corporation; G–C Partnership, Ltd., a Colorado limited partnership; Shirley Zubal, Public Trustee of Huerfano County; the Rocky Mountain Fuel Company, a Delaware corporation; Mineral Resources Land Company, a Colorado corporation, and Jack R. Eatherton and Darry A. Ferguson, individually; Colorado Coal Resources Company, a Colorado limited partnership; Permwinn Corporation, a Colorado corporation; Charter Colorado Resources Company, a Florida corporation; Anthony Abeyta, Public Trustee of Las Animas County; Dr. Eustace H. Winn, Jr.; Union Planters National Bank of Memphis, Tennessee; Dorn L. Schmidt; Eustace H. Winn, Sr.; SPS Industries, Inc., a Texas corporation; Perma Resources Corporation, a Colorado corporation; Domenic Leone Construction Company, a Colorado corporation; H.H. Champlin, III; S.F. Henderson; Robert Mapes; James F. Adams; Joel Price; T.B. Har-

ris, Jr.; Jack Ferchau; Quixx Corporation, a Texas corporation; All Unknown Persons Who May Claim an Interest in the Property Which is the Subject of This Action, Defendants–Appellees.

No. 89CA1649.

Colorado Court of Appeals,
Div. I.

Jan. 17, 1991.

Rehearing Denied Feb. 21, 1991.

Holley, Albertson & Polk, P.C., George Alan Holley and Scott D. Albertson, Golden, for plaintiff-appellant.

Moye, Giles, O'Keefe, Vermeire & Gorrell, Erik K. Foster and Dwight K. Shellman, III, Denver, for defendants-appellees SPS Industries, Inc. and Quixx Corp.

Pendleton & Sabian, P.C., Jeffrey R. Fiske and Keith M. Crough, Denver, for defendant-appellee Charter Colorado Resources Co.

No appearance for the remaining defendants-appellees.

Opinion by Judge PLANK.

Jelen & Son, Inc., appeals the trial court's judgment requiring a remote grantee to convey realty to Jelen while leaving certain intervening interests intact. We reverse.

The action was resolved upon undisputed facts. In 1977, Jelen conveyed an interest in specified mineral rights to Groves/Calder Joint Venture, a general partnership, by general warranty and quitclaim deeds. The pertinent language of the general warranty deed provides:

> "1. IN CONSIDERATION of Ten Dollars ... Grantor hereby grants ... to Grantee, its successors and assigns, the entire interests in the Property ... reserving and excepting unto Grantor the Production Royalty and Ten Cent Wheelage Royalty, both described below; *subject only* to the production royalty reserved in the Delcarbon Deed, *to Grantor's right of re-entry for condition broken, as described below*, and to those matters set forth in Part II of Exhibit A.

> . . . .

> "3. Grantee shall pay to Grantor an 'Annual Advance Minimum Production Royalty' in the following amounts on the following anniversary dated of this Deed:

| Payment | Date |
| --- | --- |
| $100,000.00 | 2nd Anniversary |
| $100,000.00 | 3rd Anniversary |
| $100,000.00 | 4th Anniversary |
| $110,000.00 | 5th Anniversary |
| $120,000.00 | 6th Anniversary |
| $130,000.00 | 7th Anniversary |
| $140,000.00 | 8th Anniversary |
| $150,000.00 | 9th Anniversary |
| $160,000.00 | 10th Anniversary |
| $170,000.00 | 11th Anniversary |
| $180,000.00 | 12th Anniversary |
| $190,000.00 | 13th Anniversary |
| $200,000.00 | 14th Anniversary |
| $200,000.00 | 15th Anniversary |

"All Advance Minimum Royalty Payments shall be cumulative in nature. . . .

. . . .

"5. If Grantee defaults in the payment of Annual Advance Minimum Production Royalty and the default is not cured within 30 days after receipt by Grantee of written notice from Grantor served upon Grantee or the authorized representative of any successor or assign of Grantee, *then Grantor shall be entitled to a reconveyance of the Property and delivery of exclusive possession thereto.* In that event, Grantee's reconveyance and delivery to exclusive possession to Grantor of the Property will be conveyed by Special Warranty Deed and will be free and clear of all claims, liens, and encumbrances which would be enforceable against the Property as limited by the Special Warranty Deed. . . ." (emphasis added)

The quitclaim deed states:

"3. If Grantee defaults in the payment of Annual Advance Minimum Production Royalty payable to Grantor under the Warranty Deed and the default is not cured within 30 days after receipt by Grantee of written notice from Grantor served upon Grantee or the authorized representative of any successor or assign of Grantee, *then Grantor shall be entitled to a reconveyance of the Property and the delivery of exclusive possession thereto.* In that event, Grantee's reconveyance and delivery of exclusive possession to Grantor of the Property will be conveyed by Special Warranty Deed and

*will be free and clear of all claims, liens, and encumbrances which would be enforceable against the Property and which are attributable to the acts of Grantee or those claiming through Grantee."* (emphasis added)

Groves/Calder conveyed its interest in the property which was subsequently acquired by Colorado Coal Resources Company. Colorado Coal executed a deed of trust against the property for the benefit of Charter Colorado Resources Company (Charter) and thereafter conveyed a non-participating royalty interest to SPS Industries, Inc. SPS further assigned this royalty interest to Quixx Corporation. Colorado Coal by quitclaim deed conveyed the property to Kaiser Steel Corporation.

The tenth, eleventh, and twelfth anniversary payments of the "annual advance Minimum Production Royalty" described in the general warranty deed were not paid by Kaiser or any other party, and Jelen commenced this action. At the time of judgment Kaiser was under the protection of the bankruptcy court, and it disclaimed its interest in the property, and a clerk's default has entered against Groves/Calder and Colorado Coal.

Jelen sought to quiet title to the property through the exercise of a claimed right of re-entry for condition broken. The court dismissed the action upon the motions of Charter, SPS, and Quixx, whereupon Jelen, with leave of court, filed an amended complaint requesting a decree of judicial foreclosure and a declaratory decree. Following trial upon stipulated facts, the trial court determined that Jelen's sole remedy was conveyance of the property from Kaiser by special warranty deed, subject to the interests of SPS, Quixx, and Charter.

## I.

Jelen essentially argues the trial court erred by its refusal to construe the language of the deeds as creating a conditional estate in Jelen's grantee subject to defeasance upon exercise of Jelen's right of re-entry for condition broken. Jelen further argues that the successive interests derived from Groves/Calder are bound by

the condition and that, consequently, Jelen is entitled to its interest free of the claims of SPS, Quixx, and Charter. Under the circumstances here, we agree.

■ We initially note that we are not bound by the trial court's findings. If, as here, the facts are presented to the trial court by stipulation and documentary evidence, a reviewing court may draw its own conclusions from the evidence. *Werner v. Baker,* 693 P.2d 385 (Colo.App.1984).

■ A fee simple subject to a condition subsequent is a fee simple estate which is subject to divestment upon a right of re-entry exercised because of the failure or nonperformance of a condition subsequent to the vesting of the fee, and is a recognized estate in Colorado. *See School District No. 6 v. Russell,* 156 Colo. 75, 396 P.2d 929 (1964); *People ex rel. Taylor v. Koerner,* 92 Colo. 83, 18 P.2d 327 (1932).

However, since such conditions contain the potential to destroy estates, they are disfavored by law and must be strictly construed, for enforcement of the right of re-entry effects a forfeiture. *Nielsen v. Woods,* 687 P.2d 486 (Colo.App.1984). Thus, a grant is strictly construed against interpretation as subject to conditions subsequent. *Godding v. Hall,* 56 Colo. 579, 140 P. 165 (1914).

■ Nevertheless, conditions subsequent in deeds will be given effect when they are clearly created. Although no precise form of words is necessary to create a condition, the express terms or clear implication must leave no doubt as to the grantor's intention. 28 Am.Jur.2d *Estates* §§ 144, et seq. (1966).

A provision for a forfeiture on re-entry is normally considered essential in order to create a condition subsequent under which a fee simple estate may be divested, and this requirement may be satisfied by a reconveyance clause in the event of breach. *See Kanarado Mining & Development Co. v. Sutton,* 36 Colo.App. 375, 539 P.2d 1325 (1975).

■ The obligation made the incident of defeasance may include or wholly consist of the payment of money, and such a condition is not repugnant to the fee. *See People v. Koerner, supra;* 28 Am.Jur.2d *Estates* § 146 (1966). Furthermore, once a condition subsequent has been made out, it is binding upon every purchaser or grantee of the estate who has notice of the condition contained in a conveyance through which title is derived, and such interests are not entitled to any relief upon breach of the condition and exercise of the right of re-entry. *Restatement of Property* § 50 (1936). *See also Judd v. Robinson,* 41 Colo. 222, 92 P. 724 (1907).

■ Reading the two deeds together, as we must, *Bledsoe v. Hill,* 747 P.2d 10 (Colo. App.1987), we interpret them as clearly creating a fee simple subject to the subsequent condition of payment of the annual royalties and conclude that they establish the right of re-entry by the language providing for reconveyance. Since it is undisputed that these instruments were of record, the interests of Charter, SPS, and Quixx are chargeable with the import of the condition and the consequences of its breach.

## II.

■ Jelen also complains the trial court committed error by dismissing Jelen's initial complaint seeking a decree quieting title to the property. We agree and note that, while an action to enforce a right of re-entry upon condition subsequent broken has been considered an action in ejectment, *Cowell v. Colorado Springs Co.,* 3 Colo. 82 (1876), the equitable action to quiet title may, in the proper case, be maintained to grant relief for condition broken, or the action may be premised upon a suit for declaratory relief. *See Cole v. Colorado Springs Co.,* 152 Colo. 162, 381 P.2d 13 (1963); *see also Nielsen v. Woods, supra.*

## III.

Since the apparent basis of the judgment before us only concerned the rights of the parties as resolved by the trial court's refusal to apply the operation of a condition subsequent, we do not adjudicate those rights having now determined the existence

of such a condition. The resolution and construction of the interests of the parties to the action must be left to further proceedings under the interpretation of the deeds we have set forth.

Accordingly, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and TURSI, JJ., concur.