**BOARD OF COUNTY COMMISSIONERS OF ROUTT COUNTY; Dennis Fisher, Commissioner; Ben Beall, Commissioner; Nancy Stahoviak, Commissioner; and Dorothy Mariano, County Clerk, Petitioners,**

v.

**Richard O'DELL, Respondent.**

No. 95SC480.

Supreme Court of Colorado,
En Banc.

July 1, 1996.

Rehearing Denied July 29, 1996.

John D. Merrill, Routt County Attorney, Steamboat Springs, for Petitioner.

Klauzer & Tremaine, LLC, J. Richard Tremaine, Claire E. Sollars, Steamboat Springs, for Respondent.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the court of appeals opinion in *O'Dell v. Board of County Commissioners*, No. 94CA0855 (Colo. App. May 18, 1995). The court of appeals determined that it was not bound by the factual findings of the petitioner, the Board of County Commissioners of Routt County (the Board), because all the evidence submitted to the Board was documentary evidence. After reweighing the evidence, the court of appeals concluded that the record did not support the Board's decision to deny the application submitted by the respondent, Richard O'Dell (O'Dell). The court also held that the Board should have considered miti-

gation methods in evaluating O'Dell's application. We reverse the court of appeals and remand with directions to reinstate the judgment of the trial court.

## I.

In June of 1993, O'Dell filed an application with the Routt County Planning Commission (Planning Commission) seeking permission to subdivide his property located in the Aspen Grove Subdivision of Routt County, Colorado. O'Dell sought to divide the 41–acre parcel of land into two lots, creating a 26–acre lot and a 15–acre lot. The North Routt Fire Protection District (Fire Protection District), the Routt County Soil Conservation District (Soil Conservation District), the Colorado Department of Wildlife (DOW), and several adjacent landowners submitted their written opinions to the Planning Commission and the Board with regard to the proposed minor subdivision.

The Planning Commission considered O'Dell's application on July 15, 1993, and unanimously disapproved it due to concerns about the effect of further development on wildlife and the lack of a water retention area for fire suppression. On August 2, 1993, the Board followed the recommendation of the Planning Commission and unanimously denied O'Dell's application. The Board based its decision on the following reasons: (1) the area under consideration was within critical elk range; (2) there was a lack of water for fire suppression in the area; (3) there were concerns about access to the area by emergency vehicles; (4) the soil and slopes in the area severely limited building sites; (5) the application did not comply with section 8 of the Routt County Zoning Resolution (Zoning Resolution); and (6) the application did not adhere to the intent of the Routt County Master Plan (Master Plan).

Pursuant to C.R.C.P. 106(a)(4), O'Dell filed this action seeking review of the Board's decision. The trial court upheld the action of the Board, finding that there was competent evidence in the record to support the Board's decision. O'Dell appealed, and the court of appeals reversed the judgment of the trial court. The court of appeals remanded the

case to the trial court with instructions to remand to the Board for reconsideration of the application. We accepted certiorari on the following issues: (1) whether it is appropriate for a reviewing court to reweigh the evidence in a Rule 106(a)(4) action when the evidence considered by the lower governmental body is documentary in nature; (2) whether the court of appeals properly set aside the decision of the Board by determining that the Board's decision was not supported by competent evidence; and (3) whether the Zoning Resolution places the burden of proposing mitigation methods on the Board rather than on the applicant by requiring the identification of mitigation methods for problems raised.

## II.

■ We first determine whether the court of appeals properly reweighed the evidence in this Rule 106(a)(4) action merely because the evidence considered by the Board was documentary in nature. Rule 106(a)(4) provides, in pertinent part:

Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law:

(I) Review shall be limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer.

C.R.C.P. 106(a)(4)(I).

■ Review of a governmental body's decision pursuant to Rule 106(a)(4) requires an appellate court to review the decision of the governmental body itself rather than the district court's determination regarding the governmental body's decision. *See Ross v. Fire and Police Pension Ass'n,* 713 P.2d 1304, 1309 (Colo.1986). We have long held

that in a Rule 106(a)(4) action, a reviewing court must uphold the decision of the governmental body "unless there is no competent evidence in the record to support it." *Sellon v. City of Manitou Springs,* 745 P.2d 229, 235 (Colo.1987); *Board of County Comm'rs v. Simmons,* 177 Colo. 347, 350, 494 P.2d 85, 87 (1972); *Marker v. Colorado Springs,* 138 Colo. 485, 488, 336 P.2d 305, 307 (1959). "No competent evidence" means that the governmental body's decision is "so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority." *Ross,* 713 P.2d at 1309.

■ In the case of a zoning proceeding, a court is not the fact finder and may not substitute its own judgment for that of a zoning board where competent evidence exists to support the zoning board's findings. *Sundance Hills Homeowners Ass'n v. Board of County Comm'rs,* 188 Colo. 321, 327–28, 534 P.2d 1212, 1215–16 (1975). The role of a reviewing court in a challenge to a zoning board's decision "is not and should not be to sit as a zoning board of appeals." *Id.* at 328, 534 P.2d at 1216 (citing *Garrett v. City of Littleton,* 177 Colo. 167, 493 P.2d 370 (1972)); *see also Bentley v. Valco, Inc.,* 741 P.2d 1266, 1267–68 (Colo.App.1987) (holding that, in a zoning case, a reviewing court is not permitted to weigh the evidence). Thus, courts should not interfere with the decision of zoning authorities absent a clear abuse of discretion. *Simmons,* 177 Colo. at 350, 494 P.2d at 87.

In the current action filed pursuant to Rule 106(a)(4), the court of appeals did not adhere to the foregoing standards in reviewing the Board's zoning decision. Instead, the court of appeals relied on *Jelen and Son, Inc. v. Kaiser Steel Corp.,* 807 P.2d 1241 (Colo.App.1991), for the proposition that it was not bound by the factual findings of the Board because in this case, only documentary evidence was presented to the Board.[1] *Jelen*

---

1. The court of appeals stated: "When, as here, only documentary evidence is presented to the fact finder, and therefore credibility and demeanor are not at issue, a reviewing court is not bound by the fact finder's determination. Hence, we are not bound by the factual findings of the [Board] in this case." Slip op. at 3 (cita- tions omitted). Thus, it appears that the court improperly reweighed the evidence, despite its statement that the Board's decision was not supported by "competent evidence" which inaccurately suggests that the court applied the deferential "competent evidence" standard of review in this case.

involved the legal construction of several deed provisions. In accordance with the well-established rule that it is the role of the court rather than the fact finder to interpret contracts, the court of appeals in *Jelen* determined that it was not bound by the trial court's conclusion regarding the proper construction of the deed provisions at issue. *Id.* at 1244. Thus, the *Jelen* court properly drew its own conclusions from evidence in the record since the only evidence presented to the trial court was documentary. *Id.; accord M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380, 1382 (Colo.1994).

*Jelen* does not apply to the case before us because here, the court of appeals was reviewing the quasi-judicial action of a governmental body pursuant to Rule 106(a)(4). Nothing in the *Jelen* decision supports the proposition that merely because evidence is documentary in nature, a reviewing court may reweigh the evidence in a Rule 106(a)(4) action instead of applying the "competent evidence" standard of review. Moreover, the documents submitted in evidence here, which include letters tendered by various organizations and individuals, are not "documents" having independent legal significance such as contracts or deeds. Rather, such evidence is in the nature of, or a substitute for, "live" testimony. The court of appeals was thus bound by the deferential "competent evidence" standard of review applicable to Rule 106(a)(4) actions.

Nevertheless, the court of appeals reweighed much of the evidence in the record. For example, the court of appeals reweighed evidence regarding access to the respondent's property by fire and emergency vehicles. The Board, in making its decision, considered conflicting statements from the Forest Service and the Fire Protection District regarding the accessibility of the respondent's property. As indicated by its decision, the Board apparently gave more weight to the Fire Protection District's concern about the property's inaccessibility to

fire and emergency vehicles. However, the court of appeals reweighed the evidence by giving weight to the Forest Service's statement that the land was accessible to fire and emergency vehicles.[2]

We conclude that the court of appeals erred by impermissibly reweighing the evidence in this case instead of simply determining whether the Board's decision was supported by competent evidence.

### III.

■ Applying the proper "competent evidence" standard of review, we now turn to the question of whether the Board's decision to deny O'Dell's application was supported by competent evidence. After reviewing the record, we hold that there is competent evidence in the record to support the Board's conclusions that (1) the respondent's proposed subdivision threatened critical wildlife habitat; (2) access by fire and emergency vehicles to the respondent's property was limited; (3) the respondent's property lacked water for fire suppression; (4) soil and slope problems existed on the respondent's property; (5) new construction would violate the Master Plan of the area; and (6) the proposed subdivision would violate section 8 of the zoning resolution.

First, the Board's decision that the proposed subdivision would threaten elk habitat finds support in a letter from the DOW. That letter expressed the DOW's concerns that the elk migration corridor and calving area would be intruded upon by new construction in the area. The letter further stated that large lots which are heavily timbered and adjacent to the forest, such as O'Dell's lot, are used by big game such as elk. The DOW representative who signed the letter noted that he himself had observed up to forty elk on and around O'Dell's property.

Next, the record supports the Board's conclusion that fire and emergency access to the property is limited and that the property

2. The court of appeals also reweighed the evidence by concluding (1) that the availability of water for fire suppression was not a problem despite the fire chief's comments to the contrary; (2) that critical elk habitat would not be jeopardized by the proposed development despite the

DOW's statement that further development would result in deterioration of such habitat; and (3) that the property in question is not removed from a developed area despite the Board's findings to the contrary.

lacks water for fire suppression. The chief of the Fire Protection District submitted a letter expressing his concern about access to the area near O'Dell's property, noting that only one road exists by which emergency vehicles could access the property, and that such road was a timber access road constructed by the Forest Service. He commented that the road had four different names, none of which was listed with the emergency dispatch center. Finally, he noted that there was currently "no water supply in the area for fire suppression." He labeled his concerns as "major" and recommended that they be resolved before new construction occurred.

The record similarly supports the Board's conclusion that building sites on the respondent's property would be limited. The Soil Conservation District submitted a letter to the Board which stated that building on O'Dell's land would be severely limited due to high clay content and steep slopes. The letter also noted that roads in the area would be limited due to high shrink swell and low soil strength.

Additionally, there is some support in the record for the Board's conclusion that the area's Master Plan[3] would be violated because the proposed subdivision would be remote from already developed areas. For example, an adjoining landowner submitted a letter objecting to further subdivision in the area, expressing the view that the negative impact of smaller parcels in this rural area should be considered seriously. The record also includes maps of the area which may indicate that the area surrounding O'Dell's property is not clearly developed, as required by the guidelines of the Master Plan.

Finally, the record supports the Board's conclusion that the respondent's subdivision application violated section 8 of the Zoning Resolution. The court of appeals interpreted section 8.7(D)(1) of the Zoning Resolution as recommending avoidance of development only in areas characterized as high or extreme wildfire hazards. Because the wildfire hazard on O'Dell's property is rated as low to medium, the court of appeals found that the Board erroneously denied the respondent's application for subdivision. However, the court of appeals failed to acknowledge that section 8.7(d)(1) recommends avoidance of development not only in high or extreme wildlife hazard areas, but also in areas possessing certain characteristics, such as those with limited access or a single access by road. The Board's conclusion that the respondent's application violated section 8 is appropriate in light of the fact that only one road exists by which emergency vehicles could access the respondent's property. The Board's conclusion based on its interpretation of the Zoning Resolution warrants deference by a reviewing court. *See Humana, Inc. v. Board of Adjustment,* 189 Colo. 79, 83, 537 P.2d 741, 743 (1975) (holding that zoning administrator's interpretation of zoning ordinance is significant in interpreting the ordinance).

The question is not whether there is evidence to support the court of appeals' conclusions in this matter. Rather, the issue is whether there is competent evidence to support the Board's conclusions regarding O'Dell's application. *See Sundance Hills,* 188 Colo. at 328, 534 P.2d at 1216. The court of appeals was required to uphold the Board's conclusions if such conclusions could be supported by competent evidence. *See Sellon,* 745 P.2d at 235; *Simmons,* 177 Colo. at 350, 494 P.2d at 87; *Marker,* 138 Colo. at 488, 336 P.2d at 307. Based on the foregoing evidence in support of the Board's decision, we hold that the court of appeals erred by finding that the Board's decision was not supported by competent evidence.

### IV.

■ The court of appeals determined that section 8 of the Zoning Resolution requires the Board to consider mitigation methods in evaluating all subdivision applications. The court of appeals concluded that the Board, in making its decision regarding O'Dell's application, failed to consider mitigation methods regarding wildlife habitat and water for fire suppression. The Board asserts that this

---

**3.** The area's Master Plan, in part, recommends that new development take place only near already developed areas.

part of the court of appeals' opinion erroneously suggests that it is the Board's responsibility rather than the applicant's responsibility to propose mitigation methods.

Section 8.7 of the Zoning Resolution provides mitigation standards for natural hazards and critical wildlife habitats applicable to all subdivisions which come before the Board. The Zoning Resolution also sets forth non-exhaustive lists of suggested mitigation techniques for different types of problems, including fire hazards and critical wildlife habitat concerns. However, section 8.7, on which the court of appeals relied for its conclusion, does not place responsibility on the Board to propose mitigation methods regarding fire hazards and wildlife habitat. Rather, the Zoning Resolution simply provides mitigation methods available to applicants whose land is being considered for rezoning.

In the case before us, the record is silent as to mitigation methods being presented in the hearing before the Board. The Board, therefore, was not required to consider such mitigation methods when O'Dell failed to assert them in support of his rezoning application. We thus hold that under the Zoning Resolution, the Board is not required to propose mitigation methods in a rezoning application.

## V.

We hold that the court of appeals improperly reweighed the evidence in this case rather than apply the "competent evidence" standard of review applicable to this Rule 106(a)(4) action. In applying the proper standard, we find that there was competent evidence in the record to support the Board's denial of O'Dell's application. We also hold that under the Zoning Resolution, it is not the responsibility of the Board to propose mitigation methods in a rezoning application. We therefore reverse the court of appeals and remand with directions to reinstate the judgment of the trial court.

KOURLIS, J., does not participate.