This is a suit brought to restrain the defendant, Westwood Homes, Inc., from erecting a building to cost less than $6,500, by reason of a restrictive covenant in like deeds, by which complainant and defendant acquired their lots from a common grantor. The covenant reads as follows:
"Said premises are conveyed subject to the following restrictions which is hereby understood shall be construed as real covenants running with the land. That neither the party of the second part nor his heirs or assigns shall or will at any time hereafter erect upon any part of the land conveyed any dwelling house to cost less than Six Thousand Five Hundred ($6,500.00) Dollars, nor erect or permit to be erected upon any part of the lands any slaughterhouse, smith shop, ale-house, brewery, distillery, or other place for the manufacture or sale of intoxicating liquors, nor for any manufacturing purposes and that he will not erect upon any part of said lands any dwelling designed for the housing of more than two families and that he will not erect on said premises without written consent of the party of the first part any building nearer than thirty (30) feet, nor any barn, garage or out house nearer than one hundred (100) feet from the line of any street or avenue or parkway upon which said lands conveyed front, nor will he erect a dwelling on any plot having less than fifty (50) feet frontage on the street or avenue upon which said lands front."
There is no question but that the proposed erection by defendant will be a violation of the letter of the covenant. However, defendant contends that the covenant is no longer binding because of circumstances at present existing. At the hearing herein, the following facts were shown. The restrictions were placed on the premises in 1927. Both the complainant and defendant have similar deeds from the Tassini Realty Corporation, which in turn had acquired the lands from one, Louis Bujese. Defendant acquired some forty lots by its deed. Prior to the conveyance to the Tassini Realty Corporation, Bujese had conveyed some twenty lots scattered through the tract to others, without any restriction, and had also conveyed some eighteen acres of an adjoining tract, also without restrictions. Most of the eight or ten houses in the neighborhood of the lots of the parties cost less than $6,500, and the testimony shows that it is now possible to build for $5,000 or less, a house of design and *Page 55 
construction equal to one which would have cost $6,500 at the time the covenant was entered into. It was further shown that the general neighborhood surrounding the tract in question is built up with numerous houses costing around $3,500, with $5,000 as a top cost. In the immediate neighborhood are houses being built to sell for a lot over $5,000, including the land, and two houses under construction to sell for about $4,600. There is expert opinion to the effect that the area is being developed in such a way that there would be no market for houses, the construction of which would cost $6,500.
It would seem, therefore, that there was never any complete neighborhood plan put into effect to cover the entire tract in question, since numerous scattered lots are now and always have been free from any restrictions from cost. It further appears that the type of construction required to enable the use of the lots in the area not yet built on prevents the erection of houses costing as much as $6,500. To enforce the covenant by injunction under these circumstances would, therefore, be inequitable. Where circumstances have changed and enforcement of a restrictive covenant would impose an oppressive burden without any substantial benefit, the covenant must undergo modifications.
In Laverack v. Allen, 2 N.J. Mis. R. 637;130 Atl. Rep. 615, the court says:
"To constitute a neighborhood scheme of restriction, the scheme must be universal, that is the restrictions must apply to all lots of like character brought within the scheme, unless it be universal, it cannot be reciprocal, and if it be not reciprocal, then it must as a neighborhood scheme fall." Citing Scull v.Eilenberg, 94 N.J. Eq. 759.
In Sanford v. Keer, 80 N.J. Eq. 240, the court says:
"In a general or neighborhood scheme, the burden follows the benefit; and where by reason of abandonment, acquiesced in violation, change of character of the neighborhood, or other sufficient cause, the benefit to the property owners affected by the scheme is totally or partially destroyed or impaired, the accompanying burden undergoes a corresponding modification." *Page 56 
Where by reason of the change of character of a neighborhood, the restrictive covenant would be a burden upon the restricted property without conferring any benefit upon the property of the covenantee, equity will refuse relief. Laverack v. Allen,supra; Page v. Murray, 46 N.J. Eq. 325.
A decree dismissing the prayer for an injunction will be advised.