No. 19,430.

Theodore J. Zavislak, et al. *v.* Mark L. Shipman, et al.
(362 P. [2d] 1053)

Decided July 3, 1961.   Rehearing denied July 24, 1961.

Mr. George F. Barbary, for plaintiffs in error.

Messrs. Wood, Ris and Hames, for defendants in error.

*In Department.*

Opinion by Mr. Justice Day.

We will refer to the parties by name.

This was an action by the Shipmans, defendants in error, to remove a cloud from and to quiet their title to certain real estate subdivided and platted by the Shipmans in Jefferson County as Beau Vue Ranchettes. As grounds for the relief sought the Shipmans relied upon various changes having occurred subsequent to a previous subdivision of the identical property platted as Beau Vue. They sought equitable relief in the nature of a decree relieving the property of certain restrictive covenants which had been imposed upon the land in the former plat. The Zavislaks were named as defendants as being owners of lot one in block one, Beau Vue, they being the only persons who had purchased a lot in the original Beau Vue plat. Their land was not included in the new Ranchettes plat, but they were demanding continuation of the restrictive covenants contained in the Beau Vue plat and withheld their consent to any change.

By counterclaim the Zavislaks sought an order enforcing the restrictive covenants and an injunction to prevent the Shipmans from in any manner changing or altering the restrictions as contained in the original plat.

In an amended counterclaim, designated as an additional paragraph, the Zavislaks alleged that the acts of

the plaintiff "constitute a repudiation of their legal and equitable duties to refrain from violating the restrictive covenants of Beau Vue which defendants *now elect* to treat as a breach and as a consequence of which defendants have been damaged in the sum of $9000.00."

Both parties assign error to the judgment and decree of the court.

In awarding judgment in favor of the Shipmans, the court, after extensive findings of fact, entered a decree removing the cloud of the restrictions and quieting the title of plaintiffs to Beau Vue Ranchettes, except that they were ordered to retain the original covenants as to the whole of block one in which the Zavislak's lot is located. To this the Shipmans agreed. Damages of $2500.00 against the Shipmans was awarded in favor of the Zavislaks and judgment entered thereon, which the Shipmans contest by cross error. The Zavislaks challenge the decree lifting the restrictions from the balance of the property.

The facts are undisputed. In 1954 the Shipmans platted the subdivision "Beau Vue" and filed their plat. Thereafter the Zavislaks purchased lot one, block one, Beau Vue, and were the only buyers. At the time of the original subdivision, contiguous property was raw agricultural land and there was no water or sewer system provided. It was contemplated that each building site or lot would provide its own domestic water supply by use of a well and would have its own septic tank and leaching field, the lot areas provided being large enough for this purpose. The lots in the first subdivision of Beau Vue were three quarters of an acre, some as large as one acre.

Between 1954 and 1956 other developers platted contiguous unimproved farm land both to the east and to the west, and new subdivisions were created providing for smaller building sites and laying out a pattern of streets and avenues which did not coincide or conform to the Beau Vue plat. A water and sanitation district

was created and water, sewage and natural gas lines became available to Beau Vue. In the two years following the original platting no other lots had been sold and the Shipmans sought and obtained consent from Jefferson County to vacate the Beau Vue plat and file a second plat with streets and avenues more nearly conforming to the adjacent subdivisions and with smaller lots approximately half an acre in size. The restrictive covenants in the new plat were nearly identical with those of Beau Vue except for the lot size and set-backs. In the Beau Vue plat the minimum set-back from any street was 40 feet and from adjoining property lines 30 feet, whereas in the new plat of Beau Vue Ranchettes a minimum set-back of 30 feet from any street and 15 feet from any adjoining property line is required. As to the type of residence and related matters, there was no appreciable change.

The court found, and the evidence supports the finding, that there was a sufficient change in the neighborhood and in the conditions affecting water and sewage disposal to warrant granting relief to the Shipmans. The court further found that so long as the set-back in all of block one, in which the Zavislaks built, was retained at 40 feet and the set-back from the property line retained at 30 feet and the lot sizes retained at three quarters of an acre instead of half an acre, the Zavislaks would not be adversely affected by the change in the other blocks in the subdivision.

The court accomplished enlargement of the adjoining lots in block one from half to three quarters of an acre by ordering that particular block to be replatted into three building sites or lots instead of four. This, in effect, restored block one to the original plat.

█ The court was correct in concluding that sitting as a court of equity it had the power and authority to remove or cancel the restrictive covenants as clouds on the plaintiffs' title. Such power may be exercised when, as here, it is shown that the restrictive covenants no longer

serve the purpose for which they were imposed and are no longer beneficial to those claiming under them. In *McArthur v. Hood Rubber Co.,* 221 Mass. 372, 109 N.E. 162, and in *Cevasco v. Westwood Homes,* 128 N.J. Eq. 53, 15 A. (2d) 140, the general principles applicable in such circumstances are enunciated.

In the Westwood Homes case the covenant provided for the erection of a dwelling house at a cost of not less than $6500.00. A change in the covenants sought to reduce that minimum cost to $5000.00. The evidence disclosed that there was very little difference between the two, and that a house costing $5000.00 under the circumstances shown could be built to standards which would approach, if not equal, the $6500.00 homes built under the original covenant. The court stated the rule to be that where *circumstances have changed* and the enforcement of a restrictive covenant would impose an oppressive burden without any substantial benefit, the covenant must undergo modifications. In the McArthur case the court said:

" * * * When the purpose for which the restriction was imposed has come to an end, and where the use of the tract of land for whose benefit it was established has so utterly changed that no party to the bill could be heard to enforce it in equity *or would suffer any damage by its violation,* * * * a proper case is made out for equitable relief. * * * "

Here the trial court found that the three quarter acre tracts were not feasible in view of the development in the neighborhood of smaller sites and that the need for the large tracts to give additional land for leaching fields and water wells no longer prevailed with the creation of the water and sanitation district and the bringing of water and sewer lines to the property. The court further found that the retention of the character of the neighborhood of the new subdivision as residential and the change from three quarters of an acre to half an acre, and the other modifications not being substantial, the

relief was warranted. The court further found that by his order affecting block one the property of the Zavislaks and the land of their immediate neighborhood would provide uniform set-backs and side lines so as to give the Zavislaks the identical covenants imposed when they bought their property. The court further found that other changes which required the relocation and realigning of the streets to conform with those of adjacent developments which did not adversely affect the Zavislaks also constituted such a change as to warrant relief from the previous covenants.

On the matter of awarding of damages to the Zavislaks, the money judgment cannot stand in the light of this record and the findings of the court. The court found that with such modifications the Zavislaks were not adversely affected, and made a specific finding that "on motion of the plaintiffs requiring defendants to elect, that the defendants *elected to stand on the restrictive covenants in the plats, and did not introduce any evidence of damage.*" (Emphasis supplied.) By their election and by their failure to offer proof of damage, the Zavislaks placed nothing before the court upon which damages could be founded; hence there is no basis in the record to support the award of damages.

The judgment awarding damages to defendants is reversed and the cause remanded to the trial court with directions to vacate the same. In all other respects the judgment and decree is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.