766 F.2d 449
 VINCENT MURPHY CHEVROLET COMPANY, INC., a Texas corporation
and Arapahoe County Fair Association, Inc., a
Colorado non-profit corporation,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 83-1699.
 United States Court of Appeals,
Tenth Circuit.
 July 3, 1985.
 
 1
 Jeffrey A. Chase, Holme, Roberts & Owen, Denver, Colo. (Mark E. Rinehart and Jack L. Richtsmeier of Holme, Roberts & Owen, Denver, Colo., on brief), for plaintiffs-appellants, Vincent Murphy Chevrolet Co., Inc. and Arapahoe County Fair Ass'n, Inc.
 
 
 2
 David C. Shilton, U.S. Dept. of Justice, Washington, D.C. (F. Henry Habicht, II, Acting Asst. Atty. Gen., Washington, D.C., Robert N. Miller, U.S. Atty., Richard A. Jost, Asst. U.S. Atty., Denver, Colo., and Peter C. Monson, U.S. Dept. of Justice, Washington, D.C., with him on brief), for defendant-appellee U.S.
 
 
 3
 Before BARRETT and McWILLIAMS, Circuit Judges, and KERR, District Judge*.
 
 
 4
 KERR, District Judge.
 
 
 5
 Appellants, Vincent Murphy Chevrolet Company (Vincent Murphy) and the Arapahoe County Fair Association (ACFA) brought this action in January of 1983, against the United States of America, pursuant to 28 U.S.C. Sec. 1346(f) and 28 U.S.C. Sec. 2409a of the Federal Quiet Title Act of 1972, seeking to quiet title in three parcels of land and have certain restrictive easements and covenants (restrictions) thereon declared invalid and unenforceable.
 
 
 6
 In late 1964 and early 1965, Vincent Murphy purchased at public sale three parcels of land located in Arapahoe County, Colorado. These parcels were at one time part of the former Lowry Bombing Range. The ACFA claims an interest in a portion of one of the parcels (designated as parcel two in appellants' original complaint) pursuant to a "receipt and option" contract entered into by Vincent Murphy and ACFA in September of 1982. ACFA desires to construct a racetrack on this land, but because of the restrictions contained in the 1965 quitclaim deeds from the United States to Vincent Murphy, it is unable to do so.
 
 
 7
 The restrictions contained in the quitclaim deeds limit Vincent Murphy's ability to use and dispose of the parcels. The restrictions allow the United States to build, operate, maintain, and repair a roadway through the property and allow for right-of-ways to place overhead or underground utility lines and properly maintain or remove such lines. There are prohibitions against human habitation, construction of buildings, and entry by anyone except the owner, his employees, agents, or lessees. The government maintains the right to limit the use of the land to agricultural and grazing purposes and for the exploration, production and removal of oil, gas, and other minerals. However, such mineral operations must be conducted without explosives and can only be conducted with the approval of the Air Force officer in charge. In addition thereto, the government reserved all rights of ingress and egress over and across these lands for the purpose of exercising its rights.
 
 
 8
 It was suggested that these restrictions were imposed for safety reasons in light of the nearby military activity at the time. The military activity around these parcels has ceased since the time of the land transfer and much of the surrounding land has been sold, subdivided, and developed.
 
 
 9
 The District Court granted the United States' motion to dismiss, holding that the twelve-year statute of limitations under the Federal Quiet Title Act of 1972, 28 U.S.C. Sec. 2409a(f), barred the action. Vincent Murphy Chevrolet Co. v. United States, 561 F.Supp. 1233 (D.Colo.1983).
 
 
 10
 The doctrine of sovereign immunity has always been a bar to suit against the United States, absent the government's consent to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); United States v. Sherwood, 312 U.S. 584, 586-87, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941); Stubbs v. United States, 620 F.2d 775, 779 (10th Cir.1980). The Federal Quiet Title Act of 1972, 28 U.S.C. Sec. 2409a, provides a specific waiver of immunity in quiet title actions and states in relevant part:
 
 
 11
 (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights....
 
 
 12
 This waiver of immunity is, however, specifically limited by a twelve-year statute of limitations which provides:
 
 
 13
 (f) Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States. (Emphasis added)
 
 
 14
 The appellants argue that this twelve-year period has not yet run for them. Their argument is premised on the theory that principles of state property law should determine the validity of the restrictions, Amoco Production Co. v. United States, 619 F.2d 1383, 1387 (10th Cir.1980); State Land Board v. Corvallis Sand & Gravel Co., 429 U.S. 363, 378-81, 97 S.Ct. 582, 590-92, 50 L.Ed.2d 550 (1977), and that under Colorado property law, restrictive easements and covenants become invalid and unenforceable when changing conditions frustrate the original purpose of the easements or covenants. See Zavislak v. Shipman, 147 Colo. 184, 362 P.2d 1053 (1961); Cole v. Colorado Springs Co., 152 Colo. 162, 381 P.2d 13 (1963).
 
 
 15
 Appellants rely on the Amoco case to urge that Colorado property law should be applied in construing the statute of limitations. Such application they insist supports the conclusion that the limitations period did not begin to run at the time Vincent Murphy obtained the quitclaim deeds and notice of the restrictions, but rather began when surrounding circumstances changed to the extent that the appellants would have a viable cause of action. For purposes of determining when the claim accrues under Sec. 2409a(f), appellants propose that the "claim" of the United States is not that the restrictions were valid in 1964-1965, but that the United States insists that the restrictions are still valid in spite of the changed conditions which have frustrated the original purpose of the restrictions. Appellants also maintain that such changes did not occur until sometime within the twelve years prior to 1983 when this action was filed and that this is a factual determination necessitating a trial.
 
 
 16
 We disagree. Title 28 U.S.C. Sec. 2409a, because it is a federal statute, must be interpreted in accordance with principles of federal law, and while "[f]ederal courts may properly look to state law as an aid in determining the application of statutory language to specific facts," Amoco Production Co. v. United States, 619 F.2d at 1387, such state law should be "[c]ompatible with the purpose of [the legislation so as] to find the rule that will best effectuate the federal policy." Textile Workers v. Lincoln Mills, 353 U.S. 448, 457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957).
 
 
 17
 The Amoco case is distinguishable from the situation at hand. In Amoco, this court held that it was proper to determine when the plaintiffs "should have known" of the United States' claims in light of the recordation laws of Utah. In applying a test of "reasonableness," this court found it unreasonable that the plaintiffs or their predecessors should have known of the United States' claim when such claim was contained in a recorded stray deed.
 
 
 18
 The present case does not involve the question of when it was reasonable for appellants to have known of the claim of the United States, but rather centers upon the question of just what is the "claim" of the United States for purposes of Sec. 2409a. There is no dispute that the restrictions are "claims" of the United States and that Vincent Murphy knew of those "claims" of the government at least by January of 1965 when it obtained the quitclaim deeds containing the restrictions. (ACFA is also bound by this actual knowledge of its predecessor, Vincent Murphy, in addition to having received constructive notice by virtue of the properly recorded deeds.) Appellants would rather have us find that the subjective intent of the government to enforce these restrictions in the face of changed conditions constitutes the United States' "claim."This court has previously held that for purposes of determining when "the claim" accrues under Sec. 2409a(f), "[a]ll that is necessary is a reasonable awareness that the government claims some interest adverse to the plaintiffs." Knapp v. United States, 636 F.2d 279, 283 (10th Cir.1980). In comparison to the Amoco case, there is no problem of "insufficiency of notice" here. Stubbs v. United States, 620 F.2d at 781, n. 15. Appellants concede knowledge of a "claim"--the deed restrictions--as early as 1965. This is all that is necessary under Sec. 2409a(f).
 
 
 19
 The language of Sec. 2409a(f) is clear, and when conditions, such as a statute of limitations, are placed on laws waiving the sovereign immunity of the United States, "[t]hose conditions must be strictly observed and exceptions thereto are not to be lightly implied." Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983); see also Knapp v. United States, 636 F.2d at 282 (conditions on waiver of immunity must be "[s]trictly construed in favor of the sovereign").
 
 
 20
 While the Supreme Court in Block indicated that the statutes waiving immunity should not be construed in an unduly restrictive manner, it cautioned that these statutes could not be interpreted in such a manner as to " 'extend the waiver beyond that which Congress intended.' " Block v. North Dakota, 461 U.S. at 287, 103 S.Ct. at 1820.
 
 
 21
 To hold that the twelve-year statute of limitations did not begin to run until conditions began changing would give rise to an interpretation of the term "claim" under Sec. 2409a(f) which could extend the limitations period indefinitely. We cannot extend the waiver of immunity under the quiet title act beyond that which Congress could have intended and we refuse to do so without a clear expression of legislative intent. See Stubbs v. United States, 620 F.2d at 780-81 (where this court found that "[C]ongress was reluctant ... to open up stale claims to litigation").
 
 
 22
 Appellants argue that in the twelve-year period following 1965, they would not have had a cause of action to quiet title since there would have been no justiciable controversy as the cause of action could not have accrued until conditions began changing. While such argument evokes empathy, we do not believe that it comports with the limited waiver of sovereign immunity Congress intended, and in construing the statute of limitations strictly as a condition to the waiver of sovereign immunity, we must reject appellants' argument.
 
 
 23
 As "[t]imeliness under subsection (f) is a jurisdictional prerequisite to suit under section 2409a," Knapp v. United States, 636 F.2d at 282; Bradford v. U.S. Ex Rel. Dept. of Interior, etc., 651 F.2d 700, 703 (10th Cir.1981), the district court lacked subject matter jurisdiction and properly dismissed the action on the grounds that it was barred by the twelve-year statute of limitations.
 
 
 24
 AFFIRMED.
 
 
 
 *
 United States District Court for the District of Wyoming, sitting by designation