Steve H. CROOKS; Era Lea Crooks; and Thurston M. Beadle

v.

PLACID OIL COMPANY; Louisiana Hunt Petroleum Corp; Hunt Petroleum Corp; the United States of America; and the Honorable Gale A. Norton, Secretary, United States Department of the Interior

No. CIV. A. 00–1324.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Aug. 28, 2001.

Robert G. Nida, Gold Weems et al., Jimmy R. Faircloth, Jr., Faircloth & David-

son, Alexandria, LA, for Steve H. Crooks, Era Lea Crooks, Thurston M. Beadle, plaintiffs.

W. Michael Adams, William Timothy Allen, III, J. David Garrett, Blanchard Walker et al., Shreveport, Thomas B. Thompson, U.S. Atty's. Office, Lafayette, John H. Harrington, U.S. Dept. of Interior, Atlanta, GA, for Placid Oil Co., Louisiana Hunt Petroleum Corp, Hunt Petroleum Corp., Gale A. Norton, United States of America, Bruce Babbitt, defendants.

### MEMORANDUM RULING

LITTLE, Chief Judge.

Before this Court is defendant United States of America's ("United States") opposed Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). For the following reasons, the motion is GRANTED.

### I. PROCEDURAL BACKGROUND

On 5 June 2000, plaintiffs Steve H. Crooks, Era Lea Crooks ("the Crooks"), and Thurston M. Beadle ("Beadle") filed a complaint against defendants Placid Oil Company, Louisiana Hunt Petroleum Corp., and Hunt Petroleum Corp., pursuant to 28 U.S.C. § 1332, which alleged that a mineral reservation contained in a homestead patent issued by the United States to Mr. Louis D. Frazier ("Frazier") in 1934 to be null and void; and, further asserted a claim for an accounting under La. R.S. 30:10(A)(3). See Pls.' Compl. ¶¶ 7, 38. Furthermore, the plaintiffs maintained that even if the United States reserved a valid mineral reservation, under Louisiana law, the United States has lost the mineral reservation by prescription of non-use. See Pls.' Compl. ¶ 29.

On 26 July 2000, the defendants filed a motion to dismiss under FRCP 12(b)(7) because the plaintiffs failed to join the United States as a party pursuant to FRCP 19. On 5 October 2000, this court issued an Order, which denied without prejudice the defendants' motion to dismiss the plaintiffs' claim pursuant to FRCP 12(b)(7); however, this court did order the plaintiffs to join the United States as a defendant within 30 days. On 3 November 2000, in compliance with this court's Order, the plaintiffs filed an amended complaint, which named the United States as a defendant. See Pls.' Am. Compl. ¶ 1.

On 18 May 2001, the United States filed an opposed motion to dismiss the complaint under FRCP 12(b)(1), which this court now addresses.

### II. FACTUAL BACKGROUND

The Crooks allege that they are the current owners of property located in La-Salle Parish ("the Property"), which they purchased from Beadle on 21 April 1982.[1] See Pls.' Compl. ¶ 3. Beadle purchased the property on 14 August 1974. See id. ¶ 4. All three (3) plaintiffs maintain that Frazier previously owned the property after acquiring it by homestead patent ("the Frazier patent") from the United States on 10 October 1934. The Frazier patent contained a mineral reservation in favor of the United States, pursuant to the Act of 17 July 1914. See Pls.' Ex. 1. Defendant Placid Oil Company applied for a lease of the property from the United States on 31 May 1951, and the United States accepted the application on 1 December 1951. See Pls.' Compl. ¶ 31. In 1956, defendants began drilling for minerals on the Property and continue to drill today.

---

1. The land is described by Plaintiffs as follows: Lots 1, 2, and 3, and the NW/4 of the SW/4 of Section 10, Township 6 North, Range 3 East, less six acres in the south of NW/4, which Theo Rabb sold to the Crooks. See Pls.' Compl. ¶ 3.

Plaintiffs contended that neither they nor their ancestors in title ever granted authority to the defendants to explore for and capture minerals from the tract. *See* Pls.' Compl. ¶ 37. As a result, the defendants allege that this action is essentially one seeking to quiet title to real property claimed by the United States under the Quiet Title Act of 1972 (the "QTA"), 28 U.S.C. § 2409a. *See* Defs.' Mem. at 12. Conversely, the plaintiffs deny this last allegation and aver that the QTA is not applicable to this case because the plaintiffs are not seeking to quiet title to the mineral rights, but only to receive an accounting from the defendants of wrongfully leased minerals. *See* Pls.' Mem. in Opp'n at 16.

The plaintiffs have artfully attempted to avoid an action under the QTA by couching this action as "personal" rather than "real" in nature. Regardless of how the plaintiffs characterize their interests in the minerals, they are attempting to collect an accounting from the defendants based on an assertion of ownership of certain mineral rights. For this reason, this court required the plaintiffs to join the United States as a defendant in order to establish that the plaintiffs are the actual owners of the mineral rights in question. This court concludes, then, that the plaintiffs' action does fall within the ambit of the QTA, thereby triggering a jurisdictional question for this court to determine.

### III. ANALYSIS

A. *12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction*

▆ The defendants seek relief pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2. Federal courts adjudicate only those cases that Congress and the Constitution authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114

S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). The plaintiff, furthermore, always bears the burden of establishing subject matter jurisdiction. *See Id.*

▆ The district court may dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of the disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). When analyzing whether a court has subject matter jurisdiction, the court is not bound to take the allegations of the complaint as true; nor will the disputed material facts preclude the court from resolving the jurisdictional merits of the case. *See Williamson*, 645 F.2d at 412–13. Moreover, a court is free to make factual determinations decisive of jurisdiction and does not have to accept the plaintiff's jurisdictional allegations as true. *See Eaglin v. United States Dep't of Army*, 794 F.2d 981, 984 n. 3 (5th cir.1986); *Williamson*, 645 F.2d at 413.

▆ The existence of subject matter jurisdiction is not assumed and a jurisdictional based challenge cannot be treated as a challenge on the merits. *See Price v. U.S.*, 69 F.3d 46, 50 (5th Cir.1995). Instead, the record must be examined in light of specific exceptions to, and limitations on, the consent of the United States to the jurisdiction of the district court and ensure that the claims put forth do not fall within those exceptions and limitations imposed by Congress. *Id.* at 50.

▆ At its foundation, this case presents questions that implicate the sovereign immunity of the United States. When addressing jurisdictional questions touching upon the sovereign immunity of the United States, courts are guided by two well-

settled principles: (1) the United States is immune from suit unless it has waived its immunity and consented to suit; and (2) such waivers of sovereign immunity are to be construed narrowly. *See Price,* 69 F.3d at 49. Defendant argues that the plaintiffs' claim is barred under FRCP 12(b)(1) because the jurisdictional requirements set forth under QTA, 28 U.S.C. § 2409a(g) have not been met. We agree. If this court's jurisdiction is going to be sustained, therefore, this suit must fall within the waiver of sovereign immunity embodied in the QTA.

B. *The Quiet Title Act: 28 U.S.C. § 2409a*

■■■■ Originally, the doctrine of sovereign immunity barred quiet title actions against the United States. *See e.g., United States v. Turner,* 47 F.2d 86 (8th Cir. 1931); *Welch v. Hamilton,* 33 F.2d 224 (S.D.Cal.1929). Enacted in 1972, the QTA provides the exclusive means by which adverse claimants can challenge the United States' title to real property. Quiet Title Act, 28 U.S.C. §§ 2409a—k (1972). If the action concerns the locus of title to lands in which the United States claims an interest, the exclusive means to challenge the United States' claim is the QTA. *See Block v. North Dakota,* 461 U.S. 273, 286, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). Because there would be no legal claim for an accounting without a corresponding claim of ownership, the real dispute in the present action is whether the oil and gas is owned by the successors in interest to Frazier or by the United States. This action, therefore, places in issue the title to the mineral estate underlying the subject lands, thereby triggering the provisions of the QTA.

Section 2409a(g) of the QTA contains a statute of limitations, which limits an action such as the plaintiffs are asserting, by providing, in pertinent part:

> Any civil action under this section, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

28 U.S.C. § 2409a(g).

■■■■ A plaintiff's claim, therefore, is barred if he, or his predecessor, fails to commence the action within twelve (12) years of the date they knew or should have known of the claim of the United States; that is, unless the plaintiffs instituted this suit within twelve (12) years of its accrual. *United States v. Beggerly,* 524 U.S. 38, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998). An action "shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." *United States v. Beggerly,* 118 S.Ct. at 1868. Furthermore, the limitations period embodied within the QTA is a strictly construed jurisdictional prerequisite to suit rather than an affirmative defense. *See Bank One Texas, N.A. v. United States,* 157 F.3d 397, 402–03 (5th Cir.1998), *cert. denied,* 526 U.S. 1115, 119 S.Ct. 1761, 143 L.Ed.2d 792 (1999). Unless the plaintiffs initiated this suit within twelve (12) years of its accrual, this court is without jurisdiction to entertain or test the merits of the claims and must dismiss the action. *See United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841, 850 (1986); *Block v. North Dakota,* 103 S.Ct. at 1819–23. The QTA is also retroactive; that is, if the passage of twelve (12) years from the date of accrual occurred before 25 October 1972, when Congress passed the QTA, the action is foreclosed. *See Stubbs v. United States,* 620 F.2d 775 (10th Cir.1980). Clearly, plaintiffs have not timely instituted this suit. In this case, Frazier obtained a homestead patent, which recited a miner-

al reservation in favor of the United States. the mineral reservation occurred over 66 years ago, well beyond the 12–year jurisdictional time period established by the QTA. Furthermore, 28 U.S.C. § 2409(a)(g) is not subject to the doctrine of equitable tolling. *United States v. Beggerly*, 524 U.S. 38, 118 S.Ct. 1862, 1868, 141 L.Ed.2d 32 (1998).

Additionally, under the QTA, all that is required for an action to accrue is "a reasonable awareness that the government claims some interest adverse to the plaintiffs." *Knapp v. United States*, 636 F.2d 279, 283 (10th Cir.1980); *See also, Vincent Murphy Chevrolet Co. Inc. v. United States*, 766 F.2d 449, 452 (10th Cir.1985); *Porter v. Samuel*, 889 F.Supp. 213, 219 (D.Vi.1995). In this case, notice to the plaintiffs and their predecessors is direct. On 17 August 1932, the General Land Office informed Frazier that the property contained valuable minerals and oil; and Frazier, therefore, would have two (2) choices: (1) either consent to a patent reserving oil and gas; or (2) contest the oil and gas classification of the land. *See* Pls.' Compl. ¶ 15 Frazier chose to consent to a patent containing a reservation of oil and gas to the United States. On 19 October 1932, Frazier executed a mineral waiver in which he consented to the amendment to his homestead application, which now contained the reservation of oil and gas to the United States. *See* Pls.' Compl. ¶ 6. On 10 October 1934, the United States issued a patent containing the oil and gas reservation to Frazier. *See* Pls.' Compl. ¶ 5. Frazier received the patent for which he applied i.e. land less minerals. Over 66 years ago, then, Frazier clearly had more than a reasonable awareness, he had actual knowledge of the United States' adverse interest in the Property, well past the 12–year statute of limitations date of accrual outlined in the § 2904(a)(g).

Finally, under the QTA, the Crooks' own actions indicate that they became aware of the United States' claimed ownership of the minerals underlying the lands patented to Frazier. On 6 May 1987, the Crooks sent a letter to the United States Department of Interior, Bureau of Land Management requesting "your sending me the material pertaining to my purchase of minerals belonging to the Bureau of Land Management." *See* Defs' Ex. 1. The Crooks' present action, therefore, accrued at least on 6 May 1987, more than twelve (12) years after the Crooks became reasonably aware of an adverse interest in the Property by the United States, thereby precluding this court from having subject matter jurisdiction to entertain this action. In the absence of a waiver of the jurisdictional requirement of 28 U.S.C. § 2904a(g), this action against the United States of America and the Secretary should be dismissed. *See Block v. North Dakota*, 103 S.Ct. at 1819–23; *Bank One Texas, N.A.*, 157 F.3d at 402–03; *Simons v. Vinson*, 394 F.2d 732 (5th Cir. 1968) *cert. denied*, 393 U.S. 968, 89 S.Ct. 398, 21 L.Ed.2d 379 (1968); *Ward v. Humble Oil & Refining Co.*, 321 F.2d 775, 779–80 (5th Cir.1963).

### III. CONCLUSION

For the foregoing reasons, we grant the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiffs' claims as to all named defendants are, therefore, DISMISSED WITH PREJUDICE.