526 P.2d 666 (1974)
Carlton W. HARROD, Plaintiff-Appellant,
v.
Beth Miller HARROD, Defendant-Appellee.
No. 73-352.
Colorado Court of Appeals, Div. I.
June 25, 1974.
As Modified on Denial of Rehearing August 7, 1974.
Certiorari Denied October 7, 1974.
Joseph P. Jenkins, P.C., Estes Park, for plaintiff-appellant.
Van Cise, Phillips & Goldberg, Richard F. Mauro, Denver, for defendant-appellee.
Selected for Official Publication.
*667 PIERCE, Judge.
This is an appeal from a judgment making a division of marital property.
The lawsuit was initiated by plaintiff as an action in partition under C.R.S.1963, 103-1-1 et seq. The property in question was purchased by the parties as joint tenants in 1951. In 1966, the ownership was converted by an exchange of deeds into a tenancy in common. It is mountain property with various improvements including a lodge and other buildings which were used annually for a summer music camp for students (primarily the wife's business enterprise), and also, for a part of the summer seasons, for the housing of summer guests (primarily the husband's concern). In 1964, at the close of the summer season, the husband left the wife and went to California where, in 1970, he obtained, ex parte, a final decree of dissolution of marriage. The husband then returned to Colorado in 1972 and commenced the instant action.
The wife filed several counterclaims to the partition action alleging, among other things, that by virtue of the California divorce, she was entitled to a division of the marital property in Colorado. A third counterclaim called for an accounting from the husband with regard to moneys received by him as profit from the guest operation on the subject property and also, for certain alleged debts owed by the husband to the wife.
At the beginning of the trial to the court, the trial judge ruled that the case would be tried only as a division of marital property case. Following the presentation of evidence by both sides, the trial court entered extensive findings of fact and conclusions of law. After making various findings relating to the relative contributions of the parties to the acquisition, maintenance, and improvement of the subject property and relating to the income produced by the two separate enterprises carried on on the property, the court found the reasonable market value of the property to be $74,000. The court then awarded the entire property to the wife and also made an award to the husband of $10,000 "as a full settlement and division of property rights."
The trial court also entered conclusions of law stating:
"Both parties are before the court and this court has jurisdiction to enter judgment and decree in this matter, not as a partition action but in order to settle the property rights of the parties arising out of the marriage."

I
On appeal, the husband first alleges that the trial court erred in treating the action as an action for the division of marital property instead of a partition action. The argument is made, apparently, on two bases: (1) that the court was precluded from making the division by the California divorce decree which did not provide for a division of marital property, and (2) that even if the California decree did not bar the proceeding, there was no provision for the exercise of such jurisdiction under the divorce law in effect at the time the lawsuit was filed (C.R.S.1963, 46-1-1 et seq.). We disagree with both of plaintiff's "jurisdictional" contentions.
Plaintiff's first contention is answered by the concept of "divisible" divorce. It is undisputed that the California court did not have personal jurisdiction over the wife in the divorce action. In the absence of personal jurisdiction over the absent party, a divorce court may not enter final awards with respect to alimony or the division of property. Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L. Ed.2d 1456; Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561. Thus, while full faith and credit requires recognition of the California divorce decree as terminating the marriage relationship, that decree could not affect (and did not purport to affect) the final settlement of financial matters between the parties. Davis v. Davis, 70 Colo. 37, 197 P. 241. See also H. Clark, Domestic Relations § 11.4 at 315.
*668 There is no dispute here that the trial court had personal jurisdiction over both of the parties and that the California divorce decree was effective to terminate the marriage status. Nor is it significant that neither of the parties is presently a resident or domiciliary of this state. While domicile must be established in order to convey subject matter jurisdiction for the purposes of an original divorce action, Viernes v. District Court, Colo., 509 P.2d 306, there is no constitutional impediment to the exercise of jurisdiction over the marital estate of the parties where, as here, both parties are personally before the court and the real property in question is within the state.
Plaintiff's second "jurisdictional" argument appears to be that, in the absence of an action for divorce in this state there is no provision under the old divorce statute which would permit a division of marital property. Therefore, plaintiff argues that the trial court had no authority to treat the action as an action for the distribution of marital property instead of as a partition action as initially alleged. Again, we disagree.
While there was no specific statutory provision for an action of this type at the time this case arose, actions of this nature have been permitted independent of the original action for divorce. See, e. g., Kaminsky v. Kaminsky, 145 Colo. 492, 359 P.2d 675. Even if the action here had been treated nominally as a statutory partition action, we conclude that partition would have to be based upon the same criteria applied to the distribution of marital property under the divorce law, because C. R.S.1963, 103-1-3 provides:
"Complete adjudication.The court shall make a complete adjudication of the rights of all parties to such property."
and C.R.S.1963, 103-1-10, further provides:
"The court at any time may make such orders as it may deem necessary to promote the ends of justice, to completely adjudicate every question and controversy concerning the title, rights and interests of all persons . . . ." (Emphasis added.)
While the parties in a divorce action may agree to the formal partition of marital property as the form of the final settlement of their financial obligations, see Jekot v. Jekot, 32 Colo.App. 118, 507 P. 2d 473, a partition action may not be imposed by one of the marriage partners upon the other following a divorce. The problems in finally settling the financial obligations of husband and wife following a divorce are unique to the marital relationship and cannot be dealt with in the same way as are the problems of a business partnership or joint venture in which property is held in joint ownership.

II
Plaintiff's final argument is that there is insufficient evidence in the record to support the findings of fact and conclusions of law with regard to an equitable distribution of the marital property in this case. Again, we disagree.
The valuation of the marital property arrived at by the trial court is based upon the reports filed by appraisers for each of the parties in addition to other evidence produced at trial. The trial court also found, upon sufficient evidence in the record, that the purchase price of the property in question, except for the original down payment, was paid entirely from receipts of the wife's music center activities. Furthermore, the costs of repair and maintenance came from such receipts and the wife received no income of her own from the funds of the music center. In addition, the income from the guest operation of the husband was found by the trial court to be insufficient "to sustain the plaintiff with his other forms of work" resulting in the advancement of funds to the husband from either the personal funds of the wife or the funds of the music center, which funds were never repaid by the husband.
*669 Matters of the division of marital property are within the discretion of the trial court. Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006; Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662. The findings of fact made by the trial court being supported by substantial evidence, the determination that the husband's interest in the property was $10,000 does not indicate an abuse of discretion.
Judgment affirmed.
SMITH and RULAND, JJ., concur.