Marilyn WILSON, Plaintiff–Appellant,

v.

George PRENTISS and Comanche Peak View, LLC, a Colorado limited liability company, Defendants–Appellees.

No. 04CA2435.

Colorado Court of Appeals, Div. II.

May 18, 2006.

Hanes & Schutz, P.C., Timothy J. Schutz, Richard W. Hanes, Colorado Springs, Colorado, for Plaintiff–Appellant.

Frey, Korb, Haggerty & Michaels, P.C., Charles C. Tucker, Fort Collins, Colorado, for Defendants–Appellees.

CARPARELLI, J.

Plaintiff, Marilyn Wilson, appeals the trial court's summary judgment in favor of defendants, George Prentiss and Comanche Peak View, LLC. We reverse and remand for further proceedings.

## I. Background

Wilson and Prentiss were married in 1984. In 1988, they entered into a 100–year lease with T.P. Clark, Inc., for an undeveloped lot in the Lake Area Subdivision of Paradise Valley in Larimer County. They later entered into two additional leases for lots adjacent to the first lot, one for 98 years, and the other for 96 years. The leases are reflected in a single document recorded in 1988. Comanche is T.P. Clark's successor-in-interest.

Pursuant to the leases, Wilson and Prentiss improved the three lots, constructing a home, guest house, garage, and sauna. They lived on the property until 1996 when they separated.

In 1998, the parties petitioned for dissolution of marriage. They both signed the affidavit for decree, which indicated there was no marital property to be divided and no marital debt.

The trial court entered the dissolution decree and, consistent with the affidavit, did not provide for the distribution of marital property.

In 2003, Wilson filed a complaint in the district court requesting a partition of the three leasehold interests. She alleged that she and Prentiss were cotenants of the leaseholds with equal rights to possess and enjoy the property and all improvements on it and that, since the dissolution, Prentiss had occupied the property, excluded her from it, and failed to pay her rent or otherwise to compensate her for her interest. Prentiss did not deny these allegations. Wilson also requested compensation for her interest in the property based on unjust enrichment.

Prentiss and Comanche sought dismissal, asserting that Wilson failed to state a cognizable claim. They argued that Wilson was seeking to reopen the dissolution action to effect a post-decree property division, that the dissolution action could only be reopened in accordance with C.R.C.P. 60, and that Wilson had failed to allege facts that would satisfy the rule. They also asserted, erroneously, that Prentiss had not signed the affidavit for decree and, on that premise, argued that the absence of a division of property in the decree was attributable entirely to Wilson's affidavit stating there was no marital property to divide.

The trial court concluded that the action was not a collateral attack on the dissolution of marriage decree, but that Wilson lacked standing to bring an action for partition and unjust enrichment because the leasehold interests were omitted from the dissolution pleadings. The court found that (1) Wilson could not be permitted to demand a division of the property under the equitable principles she asserted; (2) considerations unique to the marital relationship should be applied; and (3) a party who had alone or in concert with another created the circumstances should not be able to maintain an independent equitable action. In addition, the court concluded that, because Wilson knowingly withheld information about the property from the dissolution court, she was before the court with unclean hands. The court granted summary judgment in favor of Prentiss and Comanche.

## II. Summary Judgment Standard of Review

We review a summary judgment de novo. Summary judgment is warranted only when there is a clear showing that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). The moving party has the initial burden of showing no genuine issue of material fact exists. The burden then shifts to the nonmoving party to establish the existence a triable issue of fact. *AviComm, Inc. v. Colo. Pub. Utils. Comm'n*, 955 P.2d 1023 (Colo. 1998). We view all evidence properly before the trial court in the light most favorable to the nonmoving party, give the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the evidence, and resolve all doubts as to the existence of a material fact against the moving party. *Luttgen v. Fischer*, 107 P.3d 1152 (Colo.App.2005).

## III. Standing

■■■ Standing is a threshold jurisdictional question that must be determined before a case may be decided on the merits. *Ainscough v. Owens*, 90 P.3d 851 (Colo.2004). Because standing is necessary to invoke a court's jurisdiction, we review the trial court's determination de novo. *Rocky Mountain Animal Def. v. Colo. Div. of Wildlife*, 100 P.3d 508 (Colo.App.2004).

■■■ To establish standing, a plaintiff must demonstrate (1) an injury in fact, and (2) an injury to a legally protected right. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977). "[T]he injury-in-fact requirement ensures a 'concrete adverseness which sharpens the presentation of issues'" to be determined by the court. *City of Greenwood Village v. Petitioners for Proposed City of Centennial*, 3 P.3d 427, 437 (Colo.2000) (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)).

## IV. Partition

We conclude that Wilson has the right to seek partition of the leasehold interests.

An action for division and partition of real or personal property or interests in such

property may be maintained by any person who has an interest in the property. Section 38–28–101, C.R.S.2005. All persons who have any interest, direct, beneficial, contingent, or otherwise, in such property must be made parties to the action, and the court must completely adjudicate the rights of all such parties. Sections 38–28–102, 38–28–103, C.R.S.2005. When doing so, the court has the power to enter such orders as it deems necessary to promote the ends of justice to completely adjudicate every question and controversy concerning title, rights, and interests. Section 38–28–110, C.R.S.2005.

### A. Division of Marital Property

Section 14–10–113(3), C.R.S.2005, provides in relevant part that "all property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of coownership."

■ During the dissolution proceeding, the trial court has jurisdiction to divide all marital property equitably between the parties. Section 14–10–113(1), C.R.S.2005. Leasehold interests acquired during the marriage are classified as marital property. *People v. Johnson*, 906 P.2d 122 (Colo.1995).

■ The dissolution court retains jurisdiction to enforce its orders and to ensure complete resolution of the issues addressed in the orders, including marital property division. However, when a final decree does not make a division of property and does not reserve the question for future consideration, the dissolution court loses jurisdiction regarding the division of property and may not later divide the marital property. *Triebelhorn v. Turzanski*, 149 Colo. 558, 370 P.2d 757 (1962).

■ Further, claims such as tort claims or nonrelated contract claims between divorcing or divorced spouses may be brought separately and independently from the dissolution proceeding. *Mockelmann v. Mockelmann*, 121 P.3d 337 (Colo.App.2005); *In re Marriage of Mockelmann*, 944 P.2d 670, 671 (Colo.App.1997); *cf. In re Marriage of Mockelmann*, 121 P.3d 335 (Colo.App.2005).

In addition, there is precedent that suggests that, when a claim of breach of fiduciary duty for mismanagement of a company owned jointly by former spouses is made decades after a property division proceeding, the two matters raise completely separate issues. *Michaelson v. Michaelson*, 884 P.2d 695 (Colo.1994).

### B. Partition of Marital Property

■ In *Harrod v. Harrod*, 34 Colo.App. 172, 526 P.2d 666 (1974), the husband brought the action as a partition of marital property while a divorce action was pending. Contrary to the husband's pleading, the trial court treated the matter as a distribution of marital property, and not as a partition action.

A division of this court stated that parties in a divorce action may agree to settle their financial obligations by partitioning marital property, but that one of the marriage partners may not impose partition following a final divorce decree. *Harrod v. Harrod, supra*. The division cited no authority to support this conclusion. The division also stated that even if the action were "treated nominally as a statutory partition action," the same criteria governing the distribution of marital property under divorce statutes should be applied. *Harrod v. Harrod, supra*, 34 Colo. App. at 176, 526 P.2d at 668. However, because the plaintiff in *Harrod* brought the partition action while the divorce action was still pending, the case did not require the division to rule on the propriety of a post-decree partition action between former spouses.

Because the *Harrod* division's statement regarding post-decree partition actions was dictum and the division cited no authority to support it, we have looked to other jurisdictions and found that some have permitted former spouses to maintain partition actions after entry of a final divorce decree. *See Best v. Williams*, 260 Ark. 30, 537 S.W.2d 793 (1976) (finding that a divorce decree is not conclusive of the right to partition); *Squibb v. Squibb*, 190 Cal.App.2d 766, 12 Cal.Rptr. 346 (1961) (permitting post-decree partition of property held in joint tenancy

during and after divorce); *Barba v. Barba,* 103 Cal.App.2d 395, 396, 229 P.2d 465, 466 (1951) (holding that "[i]f, after a divorce of spouses has been decreed, the termination of their joint tenancy title to a property is deemed necessary, either may commence an appropriate action to effect a partition"); *Tullis v. Tullis,* 360 So.2d 375 (Fla.1978) (permitting post-decree partition action by former spouse); *Lawrence v. Harvey,* 186 Mont. 314, 607 P.2d 551 (1980) (concluding that the district court abused its discretion by denying partition where a divorce decree existed, but failed to make a final disposition of the marital property).

## C. Conclusions

Here, there is no dispute that Wilson had an interest in the leaseholds before the dissolution decree. The dissolution decree did not explicitly, or as a matter of law, deprive Wilson of that right. And there is no evidence that any other event divested her of her interest before she filed her complaint for partition. Thus, the complaint alleged sufficient injury in fact to a legally protected right and sought an available statutory remedy.

In addition, in accordance with *Triebelhorn v. Turzanski, supra,* and C.R.C.P. 60, it is not likely that Wilson would be permitted to reopen the dissolution proceedings. Thus, the trial court's ruling is likely to leave Wilson with no means of enforcing her ownership rights and, as a result, may well act as a forfeiture of those rights. The forfeiture of property rights is disfavored. *Jelen & Son, Inc. v. Kaiser Steel Corp.,* 807 P.2d 1241 (Colo.App.1991); *Nielsen v. Woods,* 687 P.2d 486 (Colo.App.1984).

In these circumstances, we reject Prentiss's argument that we should follow the dictum in *Harrod.* Instead, we conclude that Wilson may seek statutory partition after the entry of the final dissolution decree, but that the partition order must not conflict with explicit provisions of the decree.

■ We disagree with the trial court's conclusion that the practical effect of permitting Wilson's partition action would require it to apply § 14–10–113 and, in effect, to con-

duct a second dissolution trial. Instead, we conclude that the trial court is not required to treat the partition as a disposition of marital property, but, instead, may consider the parties' equitable arguments and enter orders to partition the leaseholds equitably to promote the ends of justice. *See Martinez v. Martinez,* 638 P.2d 834 (Colo.App.1981)(after property was partitioned, the court could consider one party's unclean hands and reach an equitable result by computing the contributions of each tenant and offsetting any amount owing against the one-half held by each)(citing *Baird v. Moore,* 50 N.J.Super. 156, 141 A.2d 324 (1958)).

Therefore, we conclude that the trial court erred when it ruled that Wilson lacked standing to seek partition and granted summary judgment to Prentiss.

## V. Unjust Enrichment and Unclean Hands

Wilson also asserts the trial court erred by concluding as a matter of law that her claims for partition and unjust enrichment were barred by the doctrine of unclean hands. We agree.

Once again, we review summary judgment de novo and affirm only when there is a clear showing that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co., supra.*

Like the trial court, because Prentiss was the moving party, we must view all evidence properly before the trial court in the light most favorable to Wilson, give Wilson the benefit of all favorable inferences that may reasonably be drawn from the evidence, and resolve all doubts as to the existence of a material fact against Prentiss. *See Luttgen v. Fischer, supra.*

### A. Standing

■ We conclude that the trial court erred when it ruled that Wilson lacked standing to claim unjust enrichment.

■ A plaintiff seeking to recover in equity for unjust enrichment must show that, at the plaintiff's expense, the defendant received a benefit under circumstances that

would make it unjust for the defendant to retain the benefit without paying for it. *Salzman v. Bachrach*, 996 P.2d 1263 (Colo. 2000).

Prentiss did not deny Wilson's allegation that, although she and Prentiss were cotenants in the leasehold and had constructed the home through joint effort and at joint expenses, Prentiss was occupying the home and property, had excluded her from it, and had failed to pay her rent or otherwise to compensate her for her interest. Thus, Wilson alleged injury in fact to a legally protected right and stated a claim for equitable relief. This was sufficient to give her standing to pursue a claim of unjust enrichment.

## B. Unclean Hands

■ We also conclude that the trial court erred when it granted summary judgment based on its conclusion that Wilson had unclean hands.

■ "The power to fashion equitable remedies lies within the discretion of the trial court." *La Plata Med. Ctr. Assocs., Ltd. v. United Bank*, 857 P.2d 410, 420 (Colo.1993). Unjust enrichment and unclean hands are equitable remedies within the trial court's discretion. We review a trial court's exercise of discretion for abuse of discretion. *La Plata Med. Ctr. Assocs., Ltd. v. United Bank, supra.*

■ The doctrine of unclean hands enables a defendant to raise an equitable defense to defeat equitable remedies, but not remedies at law. Under the doctrine of unclean hands, a court considering equitable claims may exercise its discretion to deny the remedy sought. Dobbs, *Law of Remedies* § 2.4(2) (2d ed.1993). Whether the doctrine applies is a mixed question of fact and law that involves an exercise of judicial discretion based on findings of fact. *See Conestoga Pines Homeowners' Ass'n v. Black*, 689 P.2d 1176 (Colo.App.1984).

Here, Prentiss alleged that Wilson's hands were unclean because she did not disclose the leaseholds to the dissolution court. However, the affidavit of decree appears to contain the signatures of both Wilson and Prentiss. In addition, Prentiss did not allege that Wil-

son obtained her leasehold interest by improper means.

Viewing this evidence in the light most favorable to Wilson, one could infer that Prentiss agreed not to have the property distributed by the dissolution court. Nonetheless, the trial court concluded that, whether Wilson alone or Wilson and Prentiss together elected not to submit the leaseholds to the dissolution court's jurisdiction, Wilson should not be permitted to maintain a later equitable action regarding the property.

The court's ruling was an exercise of discretion, not a determination that Prentiss was entitled to judgment as a matter of law. Therefore, the court erred when it entered summary judgment. Moreover, we conclude that the ruling was an abuse of discretion because, notwithstanding Prentiss's attestation to the affidavit of decree in the dissolution court, the trial court's exercise of discretion would permit Prentiss to retain exclusive use and enjoyment of the property while denying Wilson all incidents of ownership based on her attestation.

Judgment reversed and case remanded for proceedings consistent with this opinion.

Judge ROTHENBERG and Judge GRAHAM concur.