25CA0726 Aragon v Walsh 04-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0726
City and County of Denver District Court No. 25CV30449
Honorable John J. Olafson, Judge

---

Celina Aragon,

Plaintiff-Appellant,

v.

John Walsh, District Attorney for the Second Judicial District,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Johnson and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

---

Vanguard Justice LLC, Elisabeth L. Owen, Denver, Colorado, for Plaintiff-Appellant

John Walsh, District Attorney, Richard F. Lee, Senior Deputy District Attorney, Denver, Colorado, for Defendant-Appellee

¶ 1     In this case, plaintiff, Celina Aragon, appeals the dismissal of her claims against defendant, John Walsh, acting in his official capacity as District Attorney for the Second Judicial District. We affirm.

## I.     Background

¶ 2     Aragon brought a C.R.C.P. 106 claim for mandamus relief and three constitutional claims for declaratory and injunctive relief against Walsh based on events that occurred in a separate criminal proceeding.[1] In the criminal proceeding, the prosecution charged Aragon with several offenses in district court, dismissed those charges, and then refiled a single offense in county court. While her criminal case was still pending in county court, Aragon filed this civil action. As relevant to this appeal, she claimed the prosecution's policy and custom of charging, dismissing, and refiling criminal charges to purportedly avoid speedy trial issues violated procedural and substantive due process, as well as the separation of powers doctrine.

---

[1] Aragon initially brought the same claims against the Denver County Court, but those claims were later dismissed.

¶ 3     Walsh filed a C.R.C.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  The prosecution in the criminal proceeding then dismissed the remaining charge against Aragon in county court, and Aragon voluntarily dismissed her mandamus claim in this case.  The district court granted Walsh's motion to dismiss, finding that there was no final judgment in the criminal proceeding to review and that, despite her mandamus arguments, Aragon failed to establish subject matter jurisdiction.

¶ 4     Aragon appeals, arguing the court erred by relying on her mandamus arguments to dismiss all her claims when Walsh only moved to dismiss her C.R.C.P. 106 claim.  She further asserts the court had subject matter jurisdiction pursuant to C.R.C.P. 57 and article 6, section 9 of the Colorado Constitution, and prosecutorial immunity did not bar her claims.

¶ 5     We conclude Aragon's claims for injunctive relief are not ripe, and she also lacks standing to pursue those claims.  We further conclude she failed to state a claim for declaratory relief. Accordingly, we affirm.

## II.     Claims for Injunctive Relief

### A.     Applicable Law

¶ 6     The plaintiff bears the burden of establishing subject matter jurisdiction, including ripeness and standing. *Zook v. El Paso County*, 2021 COA 72, ¶ 7; *Wilson v. Prentiss*, 140 P.3d 288, 290 (Colo. App. 2006). We review these jurisdictional questions de novo. *Zook,* ¶ 7; *Hickenlooper v. Freedom from Religion Found., Inc.*, 2014 CO 77, ¶ 7.

¶ 7     Ripeness tests whether an issue is real, immediate, and fit for adjudication. *Zook,* ¶ 9. A claim is not ripe for review if it is based on uncertain or contingent future matters that suppose a speculative injury that may never occur. *Id.*

¶ 8     To establish standing, a plaintiff must demonstrate (1) an injury in fact (2) to a legally protected right. *Wimberly v. Ettenberg*, 570 P.2d 535, 538 (Colo. 1977). The injury-in-fact requirement "ensures that an actual controversy exists so that the matter is a proper one for judicial resolution." *Hickenlooper,* ¶ 9. Although intangible injuries like the deprivation of legal rights can constitute injuries in fact, the remote possibility of a future injury is not an injury in fact. *Id.*; *see also Olson v. City of Golden*, 53 P.3d 747, 752

(Colo. App. 2002) (neither a "presently speculative" injury nor one "that cannot be determined until a remote time in the future" constitutes an injury in fact).

B.    Discussion

¶ 9     In her opening brief, Aragon describes this case as about "put[ting] an end to the [district attorney's office's] policy and custom of dismissing and refiling cases against criminal defendants in contravention" of the law. But which criminal defendants, and in what proceedings? To the extent Aragon seeks to enforce the rights of other criminal defendants in unidentified future proceedings, her claims are not real and immediate but based on speculation. Therefore, these claims are not ripe for review, and, in any event, Aragon lacks standing to pursue claims on behalf of other defendants. *See Jones v. Samora*, 2016 COA 191, ¶ 26 ("Colorado's third-party standing rule 'prevents a party from asserting the claims of third parties who are not involved in the lawsuit'" except in "exceptional circumstances" (citations omitted)).

¶ 10     Likewise, Aragon's claim that the district attorney's office might unlawfully prosecute her again in the future is speculative. Moreover, Aragon has not established an injury in fact resulting

4

from what occurred in the prior criminal proceeding. Her complaint alleges the district attorney's office "forced [her] to go to trial" in a court lacking jurisdiction, demonstrated indifference to human dignity, and usurped the function of the judicial branch. But Aragon's criminal case has been dismissed, and she does not explain why any of these prospective injuries are more than remote possibilities. Accordingly, we conclude her claims for injunctive relief were properly dismissed.

### III. Claims for Declaratory Relief

¶ 11 We similarly conclude that the district court properly dismissed Aragon's claims for declaratory relief, though under different reasoning than the district court.

¶ 12 Initially, we question whether Aragon has established standing to pursue her claims for declaratory relief. As to her injury in fact, Aragon does not describe in any detail, in her complaint or on appeal, how her liberties were restrained or how the prior criminal proceeding infringed on her rights or interests. Indeed, her assertion in her complaint of severe emotional distress (which she made, for that matter, to support her mandamus claim, not her constitutional claims) is conclusory. Likewise, as to whether her

injury was to a legally protected interest, Aragon does not explain how the Colorado Constitution includes an implied right of action for due process and separation of powers violations.[2]

¶ 13   Nevertheless, even if we assume Aragon has sufficiently alleged facts to establish standing, she is not entitled to relief because she has not stated a claim as required by C.R.C.P. 12(b)(5). *See Deutsche Bank Tr. Co. Ams. v. Samora,* 2013 COA 81, ¶ 38 (we may affirm on any ground supported by the record).[3]

¶ 14   To avoid dismissal under C.R.C.P. 12(b)(5), a party must plead sufficient facts to suggest plausible grounds to support a claim for relief. *Coyle v. State,* 2021 COA 54, ¶ 25. To determine whether a plaintiff has pled a claim for relief, we accept all matters of material

---

[2] Nor does she respond whatsoever to the arguments made in this regard in the answer brief.

[3] We recognize that Walsh did not base his motion to dismiss on C.R.C.P. 12(b)(5), and the district court did not consider whether Aragon stated a claim for relief. Nevertheless, our review is de novo, applying the same standards as the district court. *See Hess v. Hobart,* 2020 COA 139M2, ¶ 11; *see also Denv. Post Corp. v. Ritter,* 255 P.3d 1083, 1088 (Colo. 2011) (in determining whether a party has stated a claim, we consider only the facts alleged in the complaint, as well as exhibits and matters proper for judicial notice). Because Walsh presented this argument in his answer brief as an alternative basis to affirm, and we may affirm the court's dismissal on any grounds supported by the record, we elect to consider it.

fact alleged in the complaint as true and view the allegations in the light most favorable to the plaintiff. *Id.* But we disregard conclusory allegations or allegations purporting to assert principles of law. *Id.*

¶ 15 Aragon asserts that Walsh violated the constitution by dismissing and refiling charges against her, in further violation of the speedy trial statute and the Colorado Rules of Criminal Procedure. But she has not pled sufficient facts to allow us "to draw the reasonable inference that [Walsh] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (describing the plausibility standard). With regard to speedy trial, she must show some plausibility that the prosecution dismissed and refiled the charges against her in order to avoid the speedy trial mandate. Otherwise, the speedy trial deadline began anew when the new charges were filed. *See People v. Nelson*, 2014 COA 165, ¶ 18. Her complaint does not do so.

¶ 16 Likewise, particularly given the prosecution's broad discretion to file, dismiss, and refile criminal charges, Aragon has not pled sufficient facts to demonstrate that any criminal rules were violated. *See People v. Pennington*, 2021 COA 9, ¶ 27 ("Generally, a

prosecutor's discretion in charging or requesting the dismissal of pending charges 'may not be controlled or limited by judicial intervention.'" (citation omitted)). While her complaint makes conclusory allegations that the prosecution violated Crim. P. 5, 7, and 8, she does not plead any facts to suggest plausible grounds to support those claims, let alone to support her claim that any rule violation further violated the constitution. *See* Crim. P. 5 (governing preliminary proceedings for felonies and misdemeanors); Crim. P. 7 (governing how felony charges are filed and a defendant's right to a preliminary hearing); Crim. P. 8 (governing joinder of defendants and offenses). Because she failed to state a claim for declaratory relief, we conclude that these claims, too, were properly dismissed.

¶ 17 Finally, Aragon's arguments on appeal do not require a different result. Even if she were right that the district court dismissed her constitutional claims sua sponte (an argument belied by Walsh's motion to dismiss and supporting brief), or that it failed to analyze her claims independent of C.R.C.P. 106, and even if prosecutorial immunity does not provide a basis for dismissal, her claims were properly dismissed for the reasons set forth above. Accordingly, she is not entitled to relief.

## IV. Disposition

¶ 18    The judgment is affirmed.

JUDGE JOHNSON and JUDGE GOMEZ concur.